Alan W. Kornberg
Jeffrey D. Saferstein
Philip A. Weintraub
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York  10019-6064
Telephone:  (212) 373-3000
Facsimile:   (212) 757-3990

Proposed Counsel to the Debtors
and the Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| In re: | :  Chapter 11 |
| | : |
| HOUGHTON MIFFLIN | :  Case No. 12-____ (___) |
| HARCOURT PUBLISHING COMPANY, *et al.*,[1] | : |
| | :  (Joint Administration Pending) |
| Debtors. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEBTORS' MOTION FOR AN ORDER (I) SCHEDULING A COMBINED HEARING TO CONSIDER (A) THE APPROVAL OF (1) THE DEBTORS' DISCLOSURE STATEMENT AND (2) THE DEBTORS' PREPETITION SOLICITATION PROCEDURES; AND (B) CONFIRMATION OF THE DEBTORS' PREPACKAGED PLAN; AND (II) APPROVING THE FORM OF NOTICE OF THE COMBINED CONFIRMATION HEARING AND DISCLOSURE STATEMENT HEARING

Houghton Mifflin Harcourt Publishing Company and its affiliated debtors

and debtors-in-possession in the above-captioned cases (each a "Debtor," and

---

[1]   The Debtors in these cases along with the last four digits of each Debtor's federal tax identification number, are Houghton Mifflin Harcourt Publishing Company (6030), Houghton Mifflin Harcourt Publishers Inc. (7305), HMH Publishers, LLC (7173), Houghton Mifflin Holding Company, Inc. (2898), Houghton Mifflin, LLC (2961), Houghton Mifflin Finance, Inc. (2812), Houghton Mifflin Holdings, Inc. (0674), HM Publishing Corp. (5843), Riverdeep Inc., a Limited Liability Company (9612), Broderbund LLC (6113), RVDP, Inc. (2557), HRW Distributors, Inc. (4902), Greenwood Publishing Group, Inc. (4537), Classroom Connect, Inc. (3282), ACHIEVE! Data Solutions, LLC (7499), Steck-Vaughn Publishing LLC (6929), HMH Supplemental Publishers Inc. (7571), HMH Holdings (Delaware), Inc. (6372), Sentry Realty Corporation (6742), Houghton Mifflin Company International, Inc. (9100), The Riverside Publishing Company (0173), Classwell Learning Group Inc. (9252), Cognitive Concepts, Inc. (5986), Edusoft (9992), Advanced Learning Centers, Inc. (2861).

collectively, the "Debtors"), by and through their undersigned counsel, hereby move (the

"Motion") this Court for an order (A) scheduling a combined hearing to consider (1)

approval of (i) the Disclosure Statement for the Prepackaged Joint Plan of Reorganization

of the Debtors Under Chapter 11 of the Bankruptcy Code (the "Disclosure Statement")

pursuant to sections 1125 and 1126 of title 11 of the United States Code, 11 U.S.C.,

§§ 101 et seq. (the "Bankruptcy Code") and this Court's Amended Procedural Guidelines

for Prepackaged Chapter 11 Cases in the United States Bankruptcy Court for the

Southern District of New York (the "Prepackaged Guidelines"), and (ii) the Debtors'

procedures with respect to the prepetition solicitation of votes to accept or reject the

Prepackaged Joint Plan of Reorganization of the Debtors Under Chapter 11 of the

Bankruptcy Code (the "Prepackaged Plan") pursuant to Rule 3018(b) of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Prepackaged

Guidelines (the "Disclosure Statement Hearing"), and (2) confirmation of the

Prepackaged Plan pursuant to sections 1128 and 1129 of the Bankruptcy Code (the

"Confirmation Hearing"); and (B) approving the form of notice of the combined

Disclosure Statement Hearing and the Confirmation Hearing (the "Combined Hearing")

substantially in the form annexed hereto as Exhibit A, and respectfully represents:

## JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is

proper in this District and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory and legal predicates for the relief requested herein are sections 1125, 1126, 1128 and 1129 of the Bankruptcy Code, Bankruptcy Rules 3016(b) and 3018(b), and the Prepackaged Guidelines.

## **BACKGROUND**

3.      On the date hereof (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As described more fully below, contemporaneously with the filing of their petitions, the Debtors also filed their Prepackaged Joint Plan of Reorganization (the "Prepackaged Plan") to implement a restructuring of certain of the Debtors' outstanding indebtedness and existing equity interests.  Although the solicitation period remains open, as of the Petition Date, 90.3% of the total amount of creditors entitled to vote on the Prepackaged Plan voted in favor of the Prepackaged Plan and 76% in amount of equity holders entitled to vote on the Prepackaged Plan voted in favor of the Prepackaged Plan.  The Debtors did not receive any ballots rejecting the Prepackaged Plan.  As a result of the overwhelming support for the Prepackaged Plan, the Debtors intend to move forward with confirmation of the Prepackaged Plan at the Court's earliest available date.

4.      The Debtors comprise one of the leading educational publishers in the U.S. public school market (known as kindergarten to grade 12 or "K-12").  The Debtors offer a diverse portfolio of products and services, including textbooks, workbooks, supplemental materials, technology-based products, teaching guides, various types of standardized and customized tests, professional assessment products, and a wide

3

range of trade and reference titles.  The Debtors are organized into the following two

divisions:  education and trade and reference.  The education division is the largest

division and represents approximately 90% of the Debtors' total revenue.  The Debtors'

revenue and EBITDA for the year ended December 31, 2011 were approximately $1.295

billion and $238 million, respectively.

   5. The global financial crisis over the past several years has

negatively affected the Debtors' recent financial performance.  The Debtors' business

depends largely on state and local funding and the recession-driven decreases in state

spending as well as significant purchase deferrals in key states and territories resulted in

material reductions in the overall size of the Debtors' key K-12 market.  Lack of

anticipated federal stimulus support also contributed to the Debtors' substantial revenue

decline.  As a result of the deteriorating macroeconomic conditions, the Debtors, along

with certain of their non-debtor affiliates, implemented a consensual out-of-court

restructuring in March, 2010.  Despite the out-of-court restructuring, due to the

continuing contraction of funds for state education spending and higher deferrals of

awarded business than expected, the Debtors have continued to experience financial

difficulties.  On or about December 22, 2011 and December 29, 2011, the Debtors

entered into amendments to their first lien credit facility and receivables facility,

respectively (collectively, the "Amendments").

   6. Notwithstanding the Amendments, the Debtors have determined

that a complete delevering of their capital structure is now necessary.  In or about March

2012, significant holders of claims under the Debtors' first lien credit facility and the

10.5% Notes formed an informal creditor group (the "Informal Creditor Group").  Since

its formation, the Informal Creditor Group and its advisors have engaged in constructive

dialogue with the Debtors regarding a comprehensive restructuring of the Debtors'

outstanding debt and equity.

7.      After months of good faith, arm's-length negotiations among the

Debtors and the Informal Creditor Group and their respective advisors, on May 10, 2012,

the parties reached an agreement on the terms of a restructuring to completely delever the

Debtors' balance sheet.  The Debtors have commenced these chapter 11 cases to

implement the terms of the agreement which has been embodied in the Prepackaged Plan

and the accompanying Restructuring Support Agreement. [2]

## THE PROPOSED PREPACKAGED PLAN OF REORGANIZATION

8.      In general, the Prepackaged Plan provides for the restructuring of

the Debtors' capital structure in a manner designed to maximize recoveries to holders of

claims against, and equity interests in, the Debtors, without disruption to the Debtors'

business operations.

9.      The Prepackaged Plan contemplates that (i) Senior Creditors shall

receive their pro rata share of (a) 100% of New Common Stock, subject to dilution for (x)

New Common Stock to be issued pursuant to the Management Incentive Plan and (y) to

the extent applicable, New Common Stock to be issued upon exercise of the New

Warrants, and (b) $30.3 million in Cash; (ii) except to the extent that a holder of an

Allowed Letter of Credit Facility Claim and the Debtors with the consent of the Requisite

Participating Lenders agree to a different treatment, the outstanding letters of credit

issued under the Letter of Credit Facility shall either continue unaffected upon

---

[2]      Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the
Prepackaged Plan and Disclosure Statement.

consummation of the Prepackaged Plan or be replaced by the Exit Facility and the Letter

of Credit Facility shall be deemed terminated; (iii) holders of Allowed General

Unsecured Claims shall receive Cash in amount equal to such holder's Allowed General

Unsecured Claim plus accrued and unpaid Post-Petition Interest or shall otherwise

continue unaffected upon consummation of the Prepackaged Plan, to be paid in the

ordinary course of business; and (iv) if the Class of Existing Common Stockholders votes

to accept the Prepackaged Plan, the Existing Common Stockholders shall be entitled to

receive their pro rata share of the New Warrants; if such Class votes to reject the

Prepackaged Plan, the Existing Common Stockholders shall not be entitled to a

distribution under the Prepackaged Plan.  The Receivables Facility shall be paid in full

from the proceeds of the debtor in possession financing that will be provided to the

Debtors in the Chapter 11 Cases.

    10. The Debtors believe that (i) through the Prepackaged Plan, holders

of Allowed Claims and Equity Interests will obtain a substantially greater recovery from

the Debtors' estates than the recovery they would receive if (a) the Debtors filed

chapter 11 petitions without the Prepackaged Plan or (b) the Debtors were liquidated

under chapter 7 of the Bankruptcy Code, and (ii) the Prepackaged Plan will afford the

Debtors the opportunity and ability to continue their business with sufficient liquidity to

operate as a successful going concern.

**RESULTS OF PREPETITION SOLICITATION**

    11. In connection with the Prepackaged Plan, the Debtors prepared the

Disclosure Statement describing, among other things, the proposed reorganization and its

effects on holders of claims against and interests in the Debtors.  Following the launch of

6

the solicitation of votes on the Prepackaged Plan, the Debtors and/or their Voting Agent, caused copies of the Disclosure Statement, the Prepackaged Plan (attached to the Disclosure Statement) and the appropriate Ballot to be transmitted to the holders of Class 3 Claims and Class 8 Equity Interests.  The Debtors established 5:00 p.m. (New York City time) on May 18, 2012 as the Voting Deadline for the First Lien Bank Lenders and 5:00 p.m. (New York City time) on June 11, 2012 for the Bondholders and the Existing Common Stockholders.[3]  May 10, 2012 was set as the Voting Record Date. Solicitation commenced on May 11, 2012.  As the solicitation period is still ongoing, the Debtors will not know the final results of the solicitation until June 11, 2012.

12.     Voting results to date indicate that the impaired classes of claims and interests entitled to vote on the Prepackaged Plan, namely Classes 3 and 8, voted to accept the Prepackaged Plan.  Specifically, 90.3% of the total amount of creditors entitled to vote on the Prepackaged Plan voted in favor of the Prepackaged Plan and 76% in amount of equity holders entitled to vote on the Prepackaged Plan voted in favor of the Prepackaged Plan.  Substantially contemporaneously herewith, the Debtors will file a declaration on behalf of KCC certifying the results and methodology for tabulation of ballots accepting or rejecting the Prepackaged Plan.

---

[3]     The Restructuring Support Agreement, annexed to the Disclosure Statement as Appendix E, provides that Participating Lenders must cast their Ballots by May 18, 2012.

**RELIEF REQUESTED**

13.     Bankruptcy Code section 105(d)(2)(B)(vi) authorizes the

Bankruptcy Court to combine a hearing on a disclosure statement with the hearing on

confirmation of a plan of reorganization.  The Debtors request that the Confirmation

Hearing and the Disclosure Statement Hearing be combined and held as soon as

practicable after the Petition Date.

14.     The Debtors respectfully submit that the Combined Hearing in

these chapter 11 cases will further the interests of judicial economy and maximize value

to the Debtors' estates.  The Debtors seek a speedy and orderly confirmation in order to

retain their customer base, maintain the trust of their employees, preserve lenders'

confidence in their ability to reorganize, facilitate a prompt distribution to all creditors

and to minimize disruption to the Debtors' businesses.

**A. Scheduling of Hearing to Consider Approval of**
   **the Disclosure Statement and the Pre-petition Solicitation Procedures**

15.     Bankruptcy Rules 3017(a) and 3018(b), section 1126 of the

Bankruptcy Code and the Prepackaged Guidelines govern the approval of disclosure

statements disseminated in connection with prepackaged chapter 11 cases.  In particular,

Bankruptcy Rule 3017(a) provides, in relevant part, as follows:

> Except as provided in Rule 3017.1, after a disclosure statement is
> filed in accordance with Rule 3016(b), the court shall hold a
> hearing on at least 28 days' notice to the debtor, creditors, equity
> security holders and other parties in interest as provided in Rule
> 2002 to consider the disclosure statement and any objections or
> modifications thereto.  The plan and the disclosure statement shall
> be mailed with the notice of the hearing only to the debtor, any
> trustee or committee appointed under the Code, the Securities and
> Exchange Commission and any party in interest who requests in
> writing a copy of the statement or plan.  Objections to the
> disclosure statement shall be filed and served on the debtor, the

trustee, any committee appointed under the Code and any other entity designated by the court, at any time before the disclosure statement is approved or by an earlier date as the court may fix.

16.     Section 1126(b) of the Bankruptcy Code provides as follows:

for the purposes of subsections (c) and (d) of this section, a holder of a claim or interest that has accepted or rejected the plan before the commencement of the case under this title is deemed to have accepted or rejected such plan, as the case may be, if –

(1)     the solicitation of such acceptance or rejection was in compliance with any applicable nonbankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with such solicitation; or

(2)     if there is not any such law, rule, or regulation, such acceptance or rejection was solicited after disclosure to such holder of adequate information, as defined in section 1125(a) of this title.

17.     Bankruptcy Rule 3018(b) provides, in relevant part, as follows:

A holder of a claim or interest who has accepted or rejected a plan before the commencement of the case under the Code shall not be deemed to have accepted or rejected the plan if the court finds after notice and hearing that the plan was not transmitted to substantially all creditors and equity security holders of the same class, that an unreasonably short time was prescribed for such creditors and equity security holders to accept or reject the plan, or that the solicitation was not in compliance with § 1126(b) of the Code.

18.     The Disclosure Statement and all exhibits thereto (together with the ballots for voting on the Prepackaged Plan) were provided to all Senior Creditors and Existing Common Stockholders, which are the only creditors voting on the Prepackaged Plan, on or about May 11, 2012.[4]  An affidavit of mailing will be filed with the Court by KCC as soon as practicable.  The solicitation documents, including the ballots, were also posted on the Intralinks websites maintained by the First Lien Administrative Agent and the 10.5% Indenture Trustee, respectively.  The voting period ended at 5:00 p.m. (New

---

[4]     Forms of the ballots which were provided to creditors entitled to vote on the Plan are collectively annexed hereto as Exhibit <u>B</u>.

York City time) on May 18, 2012 for the First Lien Bank Lenders and will end at

5:00 p.m. (New York City time) on June 11, 2012 for the Bondholders and the Existing

Common Stockholders.  As noted above, the holders of the only claims and interests

entitled to vote on the Prepackaged Plan have thus far voted overwhelmingly to accept

the Prepackaged Plan.  Notwithstanding the twenty-one (21) day voting period provided

in the Prepackaged Guidelines, given the circumstances of this case, with the number and

amount of stakeholders voting in favor of the Prepackaged Plan, the Debtors submit that

adequate and sufficient time has been provided for creditors and interest holders to vote

on the Prepackaged Plan.

19.     The Disclosure Statement included, but was not limited to, the

following information:  (i) background information about the Debtors; (ii) the Debtors'

corporate and capital structure; (iii) certain of the Debtors' historical financials; (iv) the

events leading to the restructuring; (v) the terms and effects of, and conditions precedent

to, the Prepackaged Plan; (vi) the terms and treatment of creditors and equity interest

holders provided for under the Prepackaged Plan; (vii) procedures for voting on the

Prepackaged Plan; (viii) financial projections and liquidation analysis; and (ix) certain

risk factors.

20.     Accordingly, the Debtors respectfully submit that:

(a)     The Disclosure Statement contains adequate information to
permit holders of claims against and equity interests in the Debtors
to make an informed judgment about the Prepackaged Plan as
required by sections 1125(a) and 1126(b)(2) of the Bankruptcy
Code, and complies with all applicable non-bankruptcy laws;

(b)     The Disclosure Statement and solicitation procedures
instituted in connection therewith are in full compliance with
applicable provisions of the Bankruptcy Code and the Bankruptcy
Rules;

(c)    The Debtors' solicitation of acceptances to the Prepackaged Plan complied with all requirements of Bankruptcy Rule 3018; and

(d)    The proposed notices and service thereof satisfy all the requirements of Bankruptcy Rules 2002(b) and 3017(d).

21.    Furthermore, the Debtors respectfully submit that the solicitation of all votes to accept or reject the Prepackaged Plan required for confirmation of the Prepackaged Plan was completed prior to the commencement of the Debtors' chapter 11 case, that no additional solicitation of votes on the Prepackaged Plan is contemplated by the Debtors, that notwithstanding the pending Voting Deadline of June 11, 2012 for the Debtors to receive the completed Ballots of certain Bondholders and Existing Common Stockholders, no additional solicitation of votes to accept or reject the Prepackaged Plan will be required, in accordance with the Prepackaged Guidelines.

22.    In addition, given that Class 9 is impaired and deemed to reject the Plan, the Debtors request confirmation under section 1129(b) of the Bankruptcy Code.  If Class 8 does not vote to accept the Prepackaged Plan, the Debtors will also seek confirmation with respect to that Class under section 1129(b) of the Bankruptcy Code.

23.    Based on the foregoing, the Debtors respectfully request that the Court enter an order scheduling a hearing to consider approval of the Disclosure Statement and the Debtors' pre-petition solicitation procedures, in accordance with the notice procedures set forth below.

**B.    Scheduling A Hearing To Consider Confirmation of the Proposed Prepackaged Plan**

24.    Pursuant to section 1128(a) of the Bankruptcy Code, the Debtors request that the Court set a hearing to consider confirmation of the Prepackaged Plan.

Section 1128(a) of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan."

25.    The Debtors respectfully submit that it is appropriate for this Court to schedule a hearing to consider confirmation of the Prepackaged Plan immediately upon conclusion of the Disclosure Statement Hearing.  As stated above, prior to the Petition Date, the Debtors received numerous votes accepting the Prepackaged Plan from the Senior Creditors and Existing Common Stockholders – the only classes voting on the Prepackaged Plan.  The Debtors believe that such acceptances will be sufficient under sections 1126(b), (c) and (d) and section 1129 of the Bankruptcy Code to confirm the Prepackaged Plan.  Specifically, as set forth in the Declaration of Peter Walsh of Kurtzman Carson Consultants LLC filed concurrently with the Motion, 90.3% of the total amount of creditors entitled to vote on the Prepackaged Plan voted in favor of the Prepackaged Plan and 76% in amount of equity holders entitled to vote on the Prepackaged Plan voted in favor of the Prepackaged Plan.

26.    Accordingly, the Debtors respectfully request that the Court schedule a hearing immediately following the Disclosure Statement Hearing to consider confirmation of the Prepackaged Plan in accordance with the notice procedures set forth below.

27.    Inasmuch as the Prepackaged Plan will soon be accepted by the only two classes entitled to vote thereon, there is no cause to delay consideration of the Disclosure Statement, the solicitation procedures and the Prepackaged Plan.  In this regard, the Debtors respectfully request that the Court schedule the Disclosure Statement Hearing so as to be held as soon as practicable, following the notice procedures set forth

12

below, and that the Court schedule the Confirmation Hearing so as to be held

immediately upon the conclusion of the Disclosure Statement Hearing on the same date.

Contemporaneous hearings will facilitate the Debtors' successful reorganization and

speedy emergence from their chapter 11 cases.

**C.  Notice Procedures**

28.     Bankruptcy Rule 2002(b) and 3017(a) require that parties-in-

interest be given at least 28 days' notice of any hearing to consider approval of a

disclosure statement or the confirmation of a plan.  In light of the prepetition negotiations

with the Informal Creditor Group, the overwhelming support for the Prepackaged Plan

shown by the Senior Creditors and Equity Common Stockholders and for the reasons set

forth above, the proposed schedule will afford parties-in-interest ample notice of the

Combined Hearings.

29.     Pursuant to the Prepackaged Guidelines, the Debtors propose to

give notice for the Combined Hearings (the "Hearing Notice") by providing a notice,

substantially in the form annexed hereto as Exhibit C (the "Notice") by federal express on

May 25, 2012, to: (i) all holders of impaired claims and equity interests against the

Debtors; (ii) the United States Trustee, Attention:  Andrea B. Schwartz; (iii) the

Securities and Exchange Commission; and (iv) the District Director of the Internal

Revenue Service.  Pursuant to Bankruptcy Rule 3017(a), the Debtors submit that notice

need not be transmitted to holders of unimpaired claims and equity interests against the

Debtors.

30.     The Debtors respectfully request a waiver of the Prepackaged

Guidelines' requirement that paper copies of the Notice be transmitted to "all parties-in-

interest." Except for Classes 3, 8 and 9, all other holders of claims and equity interests, including all unsecured creditors, will be paid in full under the Prepackaged Plan and consequently, notification of unimpaired claims and equity interests is unwarranted and places an undue burden on the Debtors' estates. In order to give notice of the Combined Hearings to presently unknown creditors of the Debtors, the Debtors propose to publish a notice in the form of Exhibit C hereto, once in the national edition of The Wall Street Journal at least two weeks prior to the hearings.

31.    Furthermore, under the circumstances of these cases, the Debtors submit that providing a copy of the Disclosure Statement and the Prepackaged Plan to all holders of claims against, or equity interests in, the Debtors in accordance with Bankruptcy Rule 3017(d), is unnecessary and unduly burdensome on the Debtors' estates. The Debtors further submit that Bankruptcy Rule 3017(d) is not applicable because no disclosure statement has been "approved." In the alternative, the Debtors respectfully request that the Court waive the requirements of Bankruptcy Rule 3017(d) with respect to unimpaired classes under the Prepackaged Plan. Waiver of Bankruptcy Rule 3017(d) is consistent with the Notice requirements in the Prepackaged Guidelines which state that, "[n]o further distribution of the plan and disclosure statement (or other solicitation document) beyond that which occurred prepetition is required unless requested by a party-in-interest." In conformity with the Prepackaged Guidelines, the Notice shall state that any creditor or other party-in-interest who desires to receive a copy of the Disclosure Statement and/or the Prepackaged Plan may obtain a copy thereof by contacting the Voting Agent or by going to the Voting Agent's website at http://www.kccllc.net/hmhco. In addition, as required by Bankruptcy Rule 3017(a), the

14

Debtors will provide a copy of the Disclosure Statement and the Prepackaged Plan to (i) the United States Trustee, Attention:  Andrea B. Schwartz; (ii) the Securities and Exchange Commission; (iii) counsel to any committee appointed by the United States Trustee (if any); and (iv) the District Director of the Internal Revenue Service .

## NOTICE

32.     As of the date hereof, no creditors' committee, trustee, or examiner has been appointed in these chapter 11 cases.  Notice of this Motion has been provided to:  (i) the United States Trustee, Attention:  Andrea B. Schwartz; (ii) counsel for the DIP/Exit Agent; (iii) the parties identified on the Debtors' consolidated list of twenty (20) largest unsecured creditors; (iv) counsel for the Informal Creditor Group; (v) counsel for the Prepetition Senior Secured Notes Trustee; (vi) counsel for the Prepetition Agent; (vii) counsel for the Prepetition L/C Bank; (viii) the Securities and Exchange Commission; (ix) the United States Attorney for the Southern District of New York; (x) the Internal Revenue Service; (xi) the Environmental Protection Agency; (xii) the Pension Benefit Guaranty Corporation; (xiii) the New York State Department of Taxation; (xiv) the New York City Tax Department; and (xv) such other parties entitled to notice pursuant to Local Rule 9013-1(m).  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## NO PRIOR REQUEST

No prior request for the relief sought herein has been made to this or to any other court.

WHEREFORE the Debtors respectfully request that this Court enter an

order substantially in the form attached hereto as Exhibit <u>A</u> granting the relief requested

and such other relief as it deems just and proper.

Dated:  May 21, 2012
   New York, New York

PAUL, WEISS, RIFKIND WHARTON &
GARRISON LLP

By: _/s/_ Jeffrey D. Saferstein   
Alan W. Kornberg
(akornberg@paulweiss.com)
Jeffrey D. Saferstein
(jsaferstein@paulweiss.com)
Philip A. Weintraub
(pweintraub@paulweiss.com)
1285 Avenue of the Americas
New York, New York  10019-6064
Telephone:  (212) 373-3000
Facsimile:   (212) 757-3990


Proposed attorneys for the Debtors and
Debtors-in-Possession

## EXHIBIT A

**PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:                                              :
                                                    :  Chapter 11
HOUGHTON MIFFLIN                                     :
HARCOURT PUBLISHING COMPANY, *et al.*,              :  Case No. 12-____ (___)
                                                    :
                               Debtors.             :  (Joint Administration Pending)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### ORDER (I) SCHEDULING A COMBINED HEARING TO CONSIDER (A) THE APPROVAL OF (1) THE DEBTORS' DISCLOSURE STATEMENT AND (2) THE DEBTORS' PREPETITION SOLICITATION PROCEDURES; AND (B) CONFIRMATION OF DEBTORS' PREPACKAGED PLAN; AND (II) APPROVING THE FORM OF NOTICE OF THE COMBINED <u>CONFIRMATION HEARING AND DISCLOSURE STATEMENT HEARING</u>

Upon the motion (the "<u>Motion</u>")[1] of Houghton Mifflin Harcourt

Publishing Company and its affiliated debtors and debtors-in-possession in the above-

captioned cases (each a "<u>Debtor</u>," and collectively, the "<u>Debtors</u>"), requesting entry of an

order (A) scheduling a combined hearing to consider (1) approval of (i) the Disclosure

Statement for the Prepackaged Joint Plan of Reorganization of the Debtors Under

Chapter 11 of the Bankruptcy Code (the "<u>Disclosure Statement</u>") pursuant to sections

1125 and 1126 of title 11 of the United States Code, 11 U.S.C., §§ 101 <u>et</u> <u>seq</u>. (the

"<u>Bankruptcy Code</u>") and this Court's Amended Procedural Guidelines for Prepackaged

Chapter 11 Cases in the United States Bankruptcy Court for the Southern District of New

York (the "<u>Prepackaged Guidelines</u>"), and (ii) the Debtors' procedures with respect to the

prepetition solicitation of votes to accept or reject the Prepackaged Joint Plan of

---

[1]    All capitalized terms used and not defined herein shall have the meaning ascribed to them in the Motion.

Reorganization of the Debtors Under Chapter 11 of the Bankruptcy Code (the "Prepackaged Plan") pursuant to Rule 3018(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Prepackaged Guidelines (the "Disclosure Statement Hearing"), and (2) confirmation of the Prepackaged Plan pursuant to sections 1128 and 1129 of the Bankruptcy Code (the "Confirmation Hearing"); and (B) approving the form of notice of the combined Disclosure Statement Hearing and Confirmation Hearing (together, the "Combined Hearing"); and upon consideration of the Affidavit of William F. Bayers pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York, sworn to on May 21, 2012; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1.      The Motion is GRANTED as modified herein.

2.      This Court will hold a hearing to consider approval of the Disclosure Statement and of the Debtors' procedures for the solicitation of votes to

2

accept or reject the Prepackaged Plan and immediately thereafter, a hearing to consider

confirmation of the Prepackaged Plan on _____, 2012 at __:___ _.m. (EST) before

the Honorable _____, United States Bankruptcy Judge, in court room ___

of the United States Bankruptcy Court for the Southern District of New York, One

Bowling Green, New York, NY 10004.

       3.     Service of notice, substantially in the form annexed to the Motion

as Exhibit <u>C</u> (the "<u>Notice</u>"), which Notice is hereby approved, by Federal Express on

May 25, 2012 to: (a) all holders of impaired claims against and equity interests in the

Debtors, (b) the United States Trustee, Attention:  Andrea B. Schwartz, (c) the Securities

and Exchange Commission, and (d) the District Director of the Internal Revenue Service,

shall constitute good and sufficient notice of this Order and of the proceedings to be held

thereon.

       4.     The Debtors shall serve the Disclosure Statement and the

Prepackaged Plan on (i) the United States Trustee, Attention:  Andrea B. Schwartz;

(ii) the Securities Exchange Commission; (iii) counsel to any committee appointed by the

United States Trustee (if any); and (iv) the District Director of the Internal Revenue

Service .

       5.     The Debtors shall cause a copy of the Notice in the form attached

as Exhibit <u>C</u> to the Motion to be published once in the national edition of <u>The Wall Street</u>

<u>Journal</u> at least two weeks prior to the Disclosure Statement Hearing and the

Confirmation Hearing.

       6.     The requirements of Bankruptcy Rule 3017(d) are waived with

respect to unimpaired classes under the Prepackaged Plan.  Instead, the Notice shall state

that any creditor or other party-in-interest who desires to receive a copy of the Disclosure

Statement and/or the Prepackaged Plan may obtain a copy thereof by contacting the

Voting Agent or by going to the Voting Agent's website at http://www.kccllc.net/hmhco.

7.    No further notice need be given to holders of claims against, or

equity interests in, the Debtors of any adjournment of the Disclosure Statement Hearing

or the Confirmation Hearing except (i) as announced in open court at the Disclosure

Statement Hearing or the Confirmation Hearing or at any subsequent Disclosure

Statement Hearing or Confirmation Hearing so announced and (ii) as posted on the

Voting Agent's website at http://www.kccllc.net/hmhco.

8.    All responses and/or objections to approval of the Disclosure

Statement, the Debtors' solicitation procedures, and/or to confirmation of the

Prepackaged Plan must be made in writing and be filed with the Clerk of the United

States Bankruptcy Court for the Southern District of New York (including a copy for the

Chambers of the Honorable _____, together with proof of service thereof, and

served upon (i) counsel to the Debtors, Paul, Weiss, Rifkind, Wharton & Garrison LLP,

1285 Avenue of the Americas, New York, NY 10019-6064, Attention: Alan W.

Kornberg, Esq. and Jeffrey D. Saferstein, Esq.; (ii) counsel to the Informal Creditor

Group, Akin, Gump Strauss, Hauer & Feld LLP, One Bryant Park, New York, NY

10036, Attention: Ira S. Dizengoff, Esq. and Philip C. Dublin, Esq.; (iii) counsel to the

agent for postpetition lenders and the First Lien Agents, Shearman & Sterling LLP, 599

Lexington Avenue, New York, NY 10022, Attention: Edmund Emrich, Esq. and Fredric

Sosnick, Esq.; (iv) counsel to the 10.5% Indenture Trustee, Emmet, Marvin & Martin

LLP, 120 Broadway, 32nd Floor, New York, NY 10271, Attention: Bryant Berg, Esq.;

(v) the United States Trustee, 33 Whitehall Street, 21st Floor, New York, NY 10004,

Attention:  Andrea B. Schwartz, Esq.; (vi) Securities and Exchange Commission, New

York Regional Office, Three World Financigla Center, Suite 400, New York, NY

10281-1022, Attention:  George S. Canellos, Regional Director; (vii) counsel to any

official committee appointed in these chapter 11 cases (if any); and (viii) any parties

requesting notice pursuant to Bankruptcy Rule 2002, so as to be received by all such

parties no later than _:__ _.m. (New York City time) on _____, 2012.

Dated:    _____, 2012
          New York, New York

                                              _____
                                              UNITED STATES BANKRUPTCY JUDGE

## <u>EXHIBIT B</u>

**CLASS 3 AND CLASS 8 BALLOTS FOR ACCEPTING OR REJECTING THE
PREPACKAGED JOINT PLAN OF REORGANIZATION OF THE DEBTORS
UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

**BALLOT FOR ACCEPTING OR REJECTING THE
PREPACKAGED JOINT PLAN OF REORGANIZATION OF
THE DEBTORS UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

**BALLOT FOR CLASS 3 SENIOR CREDITORS HOLDING FIRST
LIEN BANK CLAIMS (THE "<u>FIRST LIEN BANK CLAIMS</u>")**

Houghton Mifflin Harcourt Publishing Company and certain of their affiliates (collectively, the "<u>Debtors</u>") are soliciting votes with respect to the *Prepackaged Joint Plan of Reorganization of the Debtors Under Chapter 11 of the Bankruptcy Code* (the "<u>Plan</u>").  The Plan is attached as Appendix <u>A</u> to the *Disclosure Statement for the Prepackaged Joint Plan of Reorganization of the Debtors Under Chapter 11 of the Bankruptcy Code* (the "<u>Disclosure Statement</u>").  If you are, as of May 10, 2012 (the "<u>Voting Record Date</u>"), a First Lien Bank Lender[1] holding a Class 3 Claim, please use this Ballot to cast your vote to accept or reject the Plan.

This Ballot is being sent to beneficial owners of the First Lien Bank Claims.  The Plan can be confirmed by the Court and thereby made binding on beneficial owners if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of Claims in each Class of those holders and two-thirds in amount of holders of Equity Interests who actually vote on the Plan.  In the event the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if the Court finds that the Plan accords fair and equitable treatment to the Class or Classes rejecting it and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To have your vote count, you must complete and return this Ballot to the Voting Agent (as defined below).

This Ballot is to be used for voting by holders of First Lien Bank Claims.  For your vote to be counted, this Ballot must be properly completed, signed, and returned in the envelope provided.

**THE DEADLINE FOR RECEIPT OF THIS BALLOT BY KURTZMAN CARSON CONSULTANTS LLC (THE "<u>VOTING AGENT</u>") IS MAY 18, 2012 AT 5:00 P. M., NEW YORK CITY TIME, (THE "<u>VOTING DEADLINE</u>") UNLESS EXTENDED BY THE DEBTORS, WITH THE CONSENT OF THE REQUISITE PARTICIPATING LENDERS.  FOR YOUR VOTE TO BE COUNTED, YOU MUST RETURN YOUR BALLOT SO THAT IT IS ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE.**

---

[1]   All capitalized terms used but not defined herein shall have the meaning assigned to them in the Disclosure Statement or the Plan, as applicable.

CODE [    ]                                                                                            CUSIP [    ]

**IMPORTANT**

You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal or other professional advice concerning the Plan, as well as the classification of your Claim.  Your First Lien Bank Claim against the Debtors has been placed in Class 3 under the Plan.

**VOTING DEADLINE: 5:00 P.M., NEW YORK CITY TIME, ON MAY 18, 2012.**

If your vote is not received by the Voting Agent, Kurtzman Carson Consultants LLC, on or before the Voting Deadline and such deadline is not extended, your vote will not count.  Ballots will not be accepted by facsimile or other means of electronic transmission.

If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.

---

**HOW TO VOTE:**

1.      COMPLETE ITEM 1 (if not already completed).

2.      COMPLETE ITEM 2.

3.      COMPLETE ITEM 3. IF YOU ELECT <u>NOT</u> TO GRANT THE RELEASES CONTAINED IN ARTICLE VIII.J. OF THE PLAN AND ELECT <u>NOT</u> TO CONSENT TO THE RELATED INJUNCTION.  ELECTION TO WITHHOLD CONSENT IS AT YOUR OPTION.  <u>IF YOU SUBMIT YOUR BALLOT WITHOUT THE BOX IN ITEM 3 CHECKED, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.J. OF THE PLAN AND THE RELATED INJUNCTION TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW</u>.

4.      COMPLETE ITEM 4.

5.      SIGN THE BALLOT.

6.      RETURN THE ORIGINAL BALLOT IN THE ENCLOSED PRE-ADDRESSED POSTAGE-PAID ENVELOPE OR BY OTHER MEANS TO THE ADDRESS SET FORTH BELOW (SO THAT IT IS RECEIVED BEFORE THE VOTING DEADLINE).

7.      YOU MUST VOTE THE FULL AMOUNT OF THE FIRST LIEN BANK CLAIM COVERED BY THIS BALLOT EITHER TO ACCEPT OR TO REJECT THE PLAN.  YOU MAY NOT SPLIT YOUR VOTE.

CODE [    ]                                                    CUSIP [    ]

> **8. ANY EXECUTED BALLOT RECEIVED THAT (A) DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN, (B) THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN, OR (C) IS ILLEGIBLE, MUTILATED OR INCOMPLETE, WILL NOT BE COUNTED.**

**ITEM 1. Amount of First Lien Bank Claim**. The undersigned certifies that as of the Voting Record Date, the undersigned was a holder of a First Lien Bank Claim in the following aggregate unpaid principal amount (for purposes of this Ballot, you should not adjust your claim amount for any accrued or unmatured interest):

$

**ITEM 2. Acceptance or Rejection of Plan**. The undersigned holder of a First Lien Bank Claim in the amount identified in Item 1 above hereby elects to:

☐ ACCEPT the Plan.[†]

☐ REJECT the Plan.

[†]    Please note, effective upon the commencement of the Chapter 11 Cases, acceptance of the Plan by a First Lien Bank Lender will be deemed a direction to the First Lien Agents to forbear from exercising all rights and remedies with respect to defaults under the First Lien Credit Agreement, including, but not limited to, rights and remedies exercisable in respect of guarantees by non-Debtor affiliates and against collateral.

**ITEM 3. OPTIONAL – Opt-Out Election.**

Check this box if you elect not to grant the releases contained in Article VIII.J. of the Plan and elect not to consent to the related injunction provisions set forth in Article VIII.F. of the Plan.  Election to withhold consent is at your option.  If you submit your Ballot without this box checked, you will be deemed to consent to the releases set forth in Article VIII.J. of the Plan and the related injunction provisions set forth in Article VIII.F. of the Plan to the fullest extent permitted by applicable law.  The Debtors intend to seek approval, at the Confirmation Hearing, of the releases and related injunction contained in Articles VIII.J. and VIII.F. of the Plan as to all parties set forth in Article VIII.I. of the Plan.

☐ The undersigned elects <u>not</u> to grant the releases contained in Article VIII.J. of the Plan and elects <u>not</u> to consent to the related injunction provisions set forth in Article VIII.F. of the Plan.

**ITEM 4. Acknowledgements and Certification**.

By signing this Ballot, the undersigned certifies and/or acknowledges that: (i) it is the holder of a First Lien Bank Claim to which this Ballot pertains or is an authorized

CODE [    ]                                                                                    CUSIP [    ]

signatory and has full power and authority to vote to accept or reject the Plan; (ii) it has been provided with a copy of the Plan and the Disclosure Statement, and acknowledges that the votes set forth on this Ballot are subject to all of the terms and conditions set forth in the Plan and the Disclosure Statement; (iii) it is an accredited investor as defined in Regulation D of the Securities Act of 1933, as amended; (iv) it has not submitted any other Ballots relating to the First Lien Bank Claims voted herein that are inconsistent with the votes as set forth in this Ballot or if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein; and (v) either (a) this Ballot is the only Ballot submitted by the undersigned for the First Lien Bank Claims or (b) in addition to this Ballot, one or more Ballots for the First Lien Bank Claims have been submitted as follows (please use additional sheets of paper if necessary):

| Name of First Lien Bank Lender | Amount of First Lien Bank Claim | Accepted the Plan | Rejected the Plan |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Name of Creditor: _____

Social Security or Federal Tax I.D. No.: _____

Signature: _____

Print Name: _____

Title: _____

Street Address: _____

City, State and Zip Code: _____

Email Address: _____

Telephone Number: _____

4

CODE [    ]                                                    CUSIP [    ]

Date Completed:                    _____

This Ballot shall not constitute or be deemed a proof of claim or an assertion of a claim.

YOUR RECEIPT OF THIS BALLOT DOES NOT SIGNIFY THAT YOUR CLAIM HAS BEEN OR WILL BE ALLOWED.

---

**YOUR BALLOT MUST ACTUALLY BE RECEIVED BY THE VOTING AGENT, KURTZMAN CARSON CONSULTANTS LLC, AT THE FOLLOWING ADDRESS BY 5:00 P.M. (NEW YORK CITY TIME) ON MAY 18, 2012, OR YOUR VOTE WILL NOT BE COUNTED:**

**Houghton Mifflin Harcourt Ballot Processing Center**
**Kurtzman Carson Consultants LLC**
**599 Lexington Avenue, 39th Floor**
**New York, NY 10022**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES DESCRIBED HEREIN, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT AND PLAN OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT, KURTZMAN CARSON CONSULTANTS LLC, AT (877) 833-4150.**

CODE [    ]                                                                CUSIP [    ]

**BALLOT FOR ACCEPTING OR REJECTING THE
PREPACKAGED JOINT PLAN OF REORGANIZATION
OF THE DEBTORS UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

**BALLOT FOR CLASS 3 SENIOR CREDITORS
HOLDING 10.5% NOTES (THE "<u>10.5% NOTES CLAIMS</u>")**

Houghton Mifflin Harcourt Publishing Company, a Massachusetts corporation and certain of its affiliates (collectively, the "<u>Debtors</u>") are soliciting votes with respect to the *Prepackaged Joint Plan of Reorganization of the Debtors Under Chapter 11 of the Bankruptcy Code* (the "<u>Plan</u>").  The Plan is being submitted to you in conjunction with the related *Disclosure Statement for the Prepackaged Joint Plan of Reorganization of the Debtors Under Chapter 11 of the Bankruptcy Code* (the "<u>Disclosure Statement</u>").  The Disclosure Statement provides information to assist you in deciding how to vote your Ballot.

This Ballot is being sent to beneficial owners of the 10.5% Notes Claims (a "<u>Beneficial Holder</u>" or "<u>Holder</u>").  The Plan can be confirmed by the Court and thereby made binding on beneficial owners if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of Claims[1] in each Class of those holders and two-thirds in amount of holders of Equity Interests who actually vote on the Plan.  In the event the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if the Court finds that the Plan accords fair and equitable treatment to the Class or Classes rejecting it and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To have your vote count, you must complete and return this Ballot.

This Ballot is only to be used if you are, as of May 10, 2012 (the "<u>Voting Record Date</u>"), a Beneficial Holder.  Please use this Ballot for voting your Class 3 10.5% Notes Claims to accept or reject the Plan.

**VOTING DEADLINE: 5:00 P.M., NEW YORK CITY TIME, ON JUNE 11, 2012.**

**IN ORDER FOR YOUR VOTE TO COUNT, <u>YOU MUST DELIVER YOUR BALLOT TO YOUR BROKER, BANK, DEALER, AGENT OR OTHER NOMINEE (EACH OF THE FOREGOING, A "NOMINEE")</u>.  PLEASE RETURN YOUR BALLOT TO YOUR NOMINEE WELL BEFORE THE VOTING DEADLINE IN ORDER TO ALLOW SUFFICIENT TIME TO PERMIT YOUR NOMINEE TO DELIVER A MASTER BALLOT INCLUDING YOUR VOTE TO THE DEBTORS' VOTING AGENT, KURTZMAN CARSON CONSULTANTS, LLC (THE "<u>VOTING AGENT</u>") BY THE VOTING DEADLINE ABOVE.**

---

[1]    All capitalized terms used but not defined herein shall have the meaning assigned to them in the Disclosure Statement or the Plan, as applicable

CODE [    ]                                                                                    CUSIP [    ]

**PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**IF THE COURT CONFIRMS THE PLAN, IT WILL BIND YOU REGARDLESS OF WHETHER YOU HAVE VOTED.**

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION ON BEHALF OF THE DEBTORS, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.**

**YOU SHOULD REVIEW THE DISCLOSURE STATEMENT AND THE PLAN BEFORE YOU VOTE. YOU MAY WISH TO SEEK LEGAL OR OTHER PROFESSIONAL ADVICE CONCERNING THE PLAN, AS WELL AS THE CLASSIFICATION OF YOUR CLAIM. YOUR 10.5% NOTES CLAIM HAS BEEN PLACED IN CLASS 3 UNDER THE PLAN.**

CODE [    ]                                                              CUSIP [    ]

**ITEM 1. AGGREGATE PRINCIPAL AMOUNT OF CLASS 3 10.5% NOTES CLAIMS.** The undersigned certifies that as of the Voting Record Date, the undersigned was a Beneficial Holder in the following aggregate unpaid principal amount (for purposes of this Ballot, you should not adjust your claim amount for any accrued or unmatured interest): $ _____. If your 10.5% Notes are held by a Nominee on your behalf and you do not know the amount of 10.5% Notes held, please contact your Nominee.

**ITEM 2. Acceptance or Rejection of Plan.** A Beneficial Holder in the amount identified in Item 1 above hereby elects to:

□ ACCEPT the Plan. [†]

□ REJECT the Plan.

[†]       Please note, effective upon the commencement of the Chapter 11 Cases, acceptance of the Plan by a Beneficial Holder shall constitute an agreement by such Beneficial Holder to forbear from exercising all rights and remedies with respect to defaults under the 10.5% Notes Indenture, including, but not limited to, rights and remedies exercisable in respect of guarantees by non-Debtor affiliates and against collateral.

**ITEM 3. OPTIONAL – Opt-Out Election.**

Check this box if you elect not to grant the releases contained in Article VIII.J. of the Plan and elect not to consent to the related injunction provisions set forth in Article VIII.F. of the Plan. Election to withhold consent is at your option. If you submit your Ballot without this box checked, you will be deemed to consent to the releases set forth in Article VIII.J. of the Plan and the related injunction provisions set forth in Article VIII.F. of the Plan to the fullest extent permitted by applicable law. The Debtors intend to seek approval, at the Confirmation Hearing, of the releases and related injunction contained in Articles VIII.J. and VIII.F. of the Plan as to all parties set forth in Article VIII.I. of the Plan.

      □ The undersigned elects <u>not</u> to grant the releases contained in Article VIII.J. of the Plan and elects <u>not</u> to consent to the related injunction provisions set forth in Article VIII.F. of the Plan.

**ITEM 4. Acknowledgements and Certification.**

By signing this Ballot, the Beneficial Holder identified in Item 1 certifies and/or acknowledges that: (i) it is the Beneficial Holder to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Plan; (ii) it has been provided with a copy of the Plan and the Disclosure Statement, and acknowledges that the votes set forth on this Ballot are subject to all of the terms and conditions set forth in the Plan and the Disclosure Statement; (iii) it is an accredited investor as defined in Regulation D of the Securities Act of 1933, as amended; (iv) it has not submitted any other Ballots relating to the 10.5% Notes Claims voted herein that are

3

CODE [    ]                                                 CUSIP [    ]

inconsistent with the votes as set forth in this Ballot or if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein; (iv) it is deemed to have consented to the submission of a Master Ballot to the Voting Agent (if applicable); and (v) either (a) this Ballot is the only Ballot submitted by the undersigned for 10.5% Notes Claims or (b) in addition to this Ballot, one or more Ballots for 10.5% Notes Claims have been submitted as follows (please use additional sheets of paper if necessary):

| Account Number of Other 10.5% Notes Claims | Name of Registered Holder or Voting Nominee of Other 10.5% Notes Claims | CUSIP Number of Other 10.5% Notes Claims | Principal Amount of Other 10.5% Notes Claims Voted in Other Ballots |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Name of Claim Holder:                              _____

Social Security or Federal Tax I.D. No.:      _____

Signature:                                                 _____

Print Name:                                              _____

Title:                                                        _____

Relationship to Holder:                            _____

Street Address:                                         _____

City, State and Zip Code:                         _____

Email Address:                                         _____

Telephone Number:                                  _____

Date Completed:                                      _____

This Ballot shall not constitute or be deemed a proof of claim or an assertion of a claim.

**THE VOTING DEADLINE IS 5:00 P.M. NEW YORK CITY TIME ON JUNE 11, 2012, UNLESS SUCH TIME IS EXTENDED BY THE DEBTORS WITH THE CONSENT OF THE REQUISITE PARTICIPATING LENDERS.  PLEASE RETURN YOUR COMPLETED BALLOT TO YOUR NOMINEE IN ORDER TO**

4

**ALLOW SUFFICIENT TIME TO PERMIT YOUR NOMINEE TO DELIVER A MASTER BALLOT INCLUDING YOUR VOTE TO THE VOTING AGENT BY THE VOTING DEADLINE.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE INSTRUCTIONS DESCRIBED BELOW, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT AND PLAN OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT, KURTZMAN CARSON CONSULTANTS, LLC, AT (877) 833-4150.**

1.      **COMPLETE ITEM 1 (if not already completed).**

2.      **COMPLETE ITEM 2.**

3.      **COMPLETE ITEM 3 IF YOU ELECT <u>NOT</u> TO GRANT THE RELEASES CONTAINED IN ARTICLE VIII.J. OF THE PLAN AND ELECT <u>NOT</u> TO CONSENT TO THE RELATED INJUNCTION.  ELECTION TO WITHHOLD CONSENT IS AT YOUR OPTION.  <u>IF YOU SUBMIT YOUR BALLOT WITHOUT THE BOX IN ITEM 3 CHECKED, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.J. OF THE PLAN AND THE RELATED INJUNCTION TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW.</u>**

4.      **COMPLETE ITEM 4.**

5.      **SIGN THE BALLOT.**

6.      **RETURN THE ORIGINAL BALLOT IN THE ENCLOSED PRE-ADDRESSED ENVELOPE OR BY OTHER MEANS TO THE <u>ADDRESS LISTED ON THE ENVELOPE</u> (SO THAT IT IS RECEIVED BY THE NOMINEE WELL BEFORE THE VOTING DEADLINE).**

7.      **YOU MUST SUBMIT YOUR BALLOT TO THE NOMINEE BY MAIL OR OTHER METHOD ACCEPTABLE TO THE NOMINEE.  YOU MUST ALSO ALLOW ENOUGH TIME FOR YOUR NOMINEE TO CAST YOUR VOTE ON A MASTER BALLOT SO THAT IT IS ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE.  YOU MUST SUBMIT YOUR BALLOT TO THE NOMINEE. YOU MAY NOT SUBMIT YOUR BALLOT DIRECTLY TO VOTING AGENT.  <u>ANY BALLOT SUBMITTED DIRECTLY TO THE VOTING AGENT WILL NOT BE COUNTED.</u>**

8.      **YOU MUST VOTE THE FULL AMOUNT OF YOUR CLASS 3 10.5% NOTES CLAIM.  YOU MAY NOT SPLIT YOUR VOTE. ACCORDINGLY, A BALLOT THAT PARTIALLY REJECTS AND PARTIALLY ACCEPTS THE PLAN WILL NOT BE COUNTED.**

CODE [   ]                                                                          CUSIP [   ]

9.   **IF YOU HOLD CLASS 3 10.5% NOTES CLAIMS IN MULTIPLE CUSIPS YOU MAY RECEIVE MORE THAN ONE BALLOT.  EACH BALLOT WILL BE CODED FOR A DIFFERENT CUSIP.  EACH BALLOT VOTES ONLY YOUR CLAIMS INDICATED ON THAT BALLOT, SO PLEASE COMPLETE AND RETURN EACH BALLOT THAT YOU RECEIVE.**

10.   **ANY BALLOT RECEIVED BY THE VOTING AGENT THAT: (A) DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN, (B) INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN, (C) IS ILLEGIBLE, MUTILATED OR INCOMPLETE, (D) IS CAST BY A PERSON OR ENTITY THAT DOES NOT HOLD A CLAIM IN A CLASS THAT IS ENTITLED TO VOTE ON THE PLAN, (E) IS CAST BY A PERSON OR ENTITY THAT IS NOT ENTITLED TO VOTE, OR (F) IS NOT SIGNED, WILL NOT BE COUNTED.**

11.   **IF A BALLOT IS RECEIVED BY THE VOTING AGENT AFTER THE VOTING DEADLINE, IT WILL NOT BE COUNTED UNLESS THE DEBTORS, WITH THE CONSENT OF THE REQUISITE PARTICIPATING LENDERS, DECIDE TO EXTEND THE VOTING DEADLINE.  IN ALL CASES, HOLDERS SHOULD ALLOW SUFFICIENT TIME TO ASSURE TIMELY DELIVERY.  NO BALLOT SHOULD BE SENT TO THE DEBTORS OR THE DEBTORS' FINANCIAL ADVISOR**.

12.   **IF MULTIPLE BALLOTS ARE RECEIVED FROM AN INDIVIDUAL HOLDER WITH RESPECT TO THE SAME 10.5% NOTES CLAIM PRIOR TO THE VOTING DEADLINE, THE LAST BALLOT TIMELY RECEIVED WILL SUPERSEDE AND REVOKE ANY PREVIOUSLY RECEIVED BALLOT.**

13.   **THE BALLOT IS NOT A LETTER OF TRANSMITTAL AND MAY NOT BE USED FOR ANY PURPOSE OTHER THAN TO VOTE TO ACCEPT OR REJECT THE PLAN, TO OPT-OUT OF THE RELEASES SET FORTH IN ARTICLE VIII.J. OF THE PLAN AND TO MAKE CERTAIN CERTIFICATIONS WITH RESPECT THERETO.  ACCORDINGLY, AT THIS TIME, CREDITORS SHOULD NOT SURRENDER CERTIFICATES EVIDENCING THEIR CLAIMS, AND THE DEBTORS WILL NOT ACCEPT DELIVERY OF ANY SUCH CERTIFICATES OR INSTRUMENTS SURRENDERED TOGETHER WITH A BALLOT.**

14.   **PLEASE BE SURE TO SIGN AND DATE YOUR BALLOT.  IF YOU ARE COMPLETING THE BALLOT ON BEHALF OF AN ENTITY, INDICATE YOUR RELATIONSHIP WITH THAT ENTITY AND THE CAPACITY IN WHICH YOU ARE SIGNING.**

CODE [    ]                                                                                          CUSIP [    ]

**MASTER BALLOT FOR ACCEPTING OR REJECTING THE
PREPACKAGED JOINT PLAN OF REORGANIZATION OF THE
DEBTORS UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

**MASTER BALLOT FOR CLASS 3 SENIOR CREDITORS
HOLDING 10.5% NOTES (THE "10.5% NOTES CLAIMS")**

Houghton Mifflin Harcourt Publishing Company, a Massachusetts corporation and certain of its affiliates (collectively, the "Debtors") are soliciting votes with respect to the *Prepackaged Joint Plan of Reorganization of the Debtors Under Chapter 11 of the Bankruptcy Code* (the "Plan") in conjunction with the related *Disclosure Statement for the Prepackaged Joint Plan of Reorganization of the Debtors Under Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement").

This Master Ballot[1] is being sent to you as a broker, dealer, bank, trust company or other nominee (or as their proxy holder or agent) (each, a "Nominee") to solicit votes of beneficial holders (each, a "Beneficial Holder" or "Holder") of the 10.5% Notes Claims to accept or reject the Plan. Please take any action that is required to enable each Beneficial Holder to timely vote its 10.5% Notes Claims. As used herein, the term "Ballot" refers to any ballot executed by a Beneficial Holder.

**VOTING DEADLINE: 5:00 P.M., NEW YORK CITY TIME, ON JUNE 11, 2012, UNLESS EXTENDED BY THE DEBTORS WITH THE CONSENT OF THE REQUISITE PARTICIPATING LENDERS.**

**If this Master Ballot is not received by the Debtors' Voting Agent, Kurtzman Carson Consultants, LLC (the "Voting Agent"), on or before the Voting Deadline, any votes transmitted under this Master Ballot will not be counted. Therefore, you must allow sufficient time to be sure that the Master Ballot is received by the Voting Agent before the Voting Deadline. Master Ballots will not be accepted by facsimile or other means of electronic transmission.**

**Nothing contained herein or in the enclosed documents shall render you or any other person an agent of the Debtors or the Voting Agent, or authorize you or any other person to use any document or make any statements on behalf of any of them with respect to the Plan.**

**You should review the Disclosure Statement and the Plan before you transmit votes. You or the Beneficial Holder(s) whose vote(s) you are transmitting may wish to seek legal or other professional advice concerning the Plan and the classification of 10.5% Notes Claims under the Plan. All 10.5% Notes Claims against the Debtors (CUSIP # [          ]) have been placed in Class 3 under the Plan.**

---

[1] All capitalized terms used but not defined herein shall have the meaning assigned to them in the Disclosure Statement or the Plan, as applicable.

1

**Votes from Beneficial Holders to accept or reject the Plan will be returned to you on Ballots.  For each completed, executed Ballot returned to you by a Beneficial Holder, you must retain a copy of such Ballot in your files for at least one (1) year from the Voting Deadline.**

**Prior to completing this Master Ballot, please refer to the instructions attached to this Master Ballot for further explanation on how to complete the items set forth below.**

CODE [    ]                                                                    CUSIP [    ]

**ITEM 1. Certification of Authority to Vote.** The undersigned certifies that as of the Voting Record Date, the undersigned (please check the appropriate box):

☐  Is a broker, dealer, commercial bank, trust company or other nominee for the Beneficial Holders of the aggregate principal amount of 10.5% Notes listed in Item 2 below, and is the registered holder of such securities; or

☐  Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, dealer, commercial bank, trust company or other nominee that is the registered holder of the aggregate principal amount of 10.5% Notes listed in Item 2 below; or

☐  Has been granted a proxy (an original of which is attached hereto) from a broker, dealer, commercial bank, trust company or other nominee, or the beneficial owner, that is the registered holder of the aggregate principal amount of 10.5% Notes listed in Item 2 below, and accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Holders described in Item 2 below.

**ITEM 2. Vote on the Plan.** The undersigned certifies that the following Beneficial Holders, as identified by their respective customer account numbers set forth below, were Beneficial Holders on the Voting Record Date and have delivered to the undersigned, as Nominee, properly executed Ballots. Indicate in the appropriate column the aggregate principal amount voted for each account, or attach such information to this Master Ballot in the form of the following table. Please note that each Beneficial Holder must vote all of its 10.5% Notes Claims to accept or reject the Plan and may not split such vote.

| Customer Account Number for Each Beneficial Holder | Principal Amount of the 10.5% Notes Claims Voted to ACCEPT or REJECT the Plan in Item 2 of the Ballot | | Check this box if Beneficial Holder checked the box in Item 3 of the Ballot |
|---|---|---|---|
| | **ACCEPT** | **REJECT** | |
| 1. | $ | $ | |
| 2. | $ | $ | |
| 3. | $ | $ | |
| 4. | $ | $ | |
| 5. | $ | $ | |
| 6. | $ | $ | |

3

| 7. | $ | $ | |
|---|---|---|---|
| 8. | $ | $ | |
| 9. | $ | $ | |
| 10. | $ | $ | |
| TOTALS: | $ | $ | |

**ITEM 3. Certification as to Transcription of Information from Item 4 as to 10.5%
Notes Claims Voted Through Other 10.5% Note Claims Ballots.** The undersigned
certifies that the undersigned has transcribed in the following table the information, if
any, provided by Beneficial Holders in Item 4 of the Beneficial Holder's Ballot,
identifying any 10.5% Notes Claims for which such Beneficial Holders have submitted
other 10.5% Notes Claims Ballots other than to the undersigned.

| YOUR Customer Account Number for Each Beneficial Owner Which Completed Item 4 of the 10.5% Notes Claim Beneficial Holder Ballot | Transcribe From Item 4 of the 10.5% Notes Claim Beneficial Holder Ballot | | | |
|---|---|---|---|---|
| | Account Number | Name of Nominee | CUSIP Number of 10.5% Notes Claims | Principal Amount of Other 10.5% Notes Claims Voted |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**ITEM 4. Certification.** By signing this Master Ballot, the undersigned certifies that (a)
each Beneficial Holder listed in Item 2, above, has been provided with the a copy of the
Plan and Disclosure Statement; (b) it is the registered holder of the 10.5% Notes to which
this Master Ballot pertains and/or has the full power and authority to vote to accept or

4

reject the Plan; and (c) it accurately transcribed all applicable information from the Class 3 Ballots received from each Beneficial Owner.  The undersigned also acknowledges that the solicitation of this vote to accept or reject the Plan is subject to all the terms and conditions set forth in the Plan and Disclosure Statement.

Name of Nominee:                                                 _____

Participant Number:                                             _____

Name of Proxy Holder or Agent For Nominee:        _____

Signature:                                                            _____

Print Name:                                                         _____

Title:                                                                   _____

Street Address:                                                    _____

City, State and Zip Code:                                     _____

Email Address:                                                     _____

Telephone Number:                                              _____

Date Completed:                                                  _____

**THIS MASTER BALLOT MUST ACTUALLY BE RECEIVED BY THE VOTING AGENT, KURTZMAN CARSON CONSULTANTS LLC, AT THE FOLLOWING ADDRESS BY 5:00 P.M., NEW YORK CITY TIME, ON JUNE 11, 2012, OR YOUR CUSTOMERS' VOTES WILL NOT BE COUNTED:**

**HOUGHTON MIFFLIN HARCOURT BALLOT PROCESSING**
**C/O KURTZMAN CARSON CONSULTANTS, LLC**
**599 LEXINGTON AVENUE, 39TH FLOOR**
**NEW YORK, NY 10022**
**TOLL FREE (877) 833-4150**
**ITN'L CALLERS (917) 281-4800**

**MASTER BALLOTS RECEIVED BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE COUNTED**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE PROCEDURES DESCRIBED HEREIN, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE PLAN AND THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT, KURTZMAN CARSON CONSULTANTS LLC, AT (877) 833-4150.**

CODE [    ]                                                                      CUSIP [    ]

## INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT

The Debtors are soliciting your customers' votes on the Plan attached to the Disclosure Statement.  The Master Ballot is to be used by brokers, dealers, banks, trust companies or other nominee (or as their proxy holders or agents) of Beneficial Holders of the 10.5% Notes Claims.  The Master Ballot must summarize votes cast by Beneficial Holders to accept or reject the Plan pursuant to the Ballots.  **The Master Ballot does not constitute and shall *not* be deemed to constitute (a) a proof of claim or (b) an admission by the Debtors of the nature, validity, or amount of any claim.**

You must deliver (i) a Ballot, (ii) a pre-addressed return envelope addressed to you, (iii) the Plan, (iv) the Disclosure Statement, (v) the Plan solicitation cover letter and (vi) any other relevant materials, to each Beneficial Holder for whom you hold 10.5% Notes, and take any action required to enable each such Beneficial Holder to timely vote its 10.5% Notes Claim to accept or reject the Plan.  With regard to any Ballots returned to you, you must (1) execute the Master Ballot so as to reflect the votes given to you in the Ballots by the Beneficial Holders for whom you hold 10.5% Notes and (2) forward such Master Ballots to the Voting Agent before the Voting Deadline.

Multiple Master Ballots may be completed and delivered to the Voting Agent.  Votes reflected by multiple Master Ballots will be counted except to the extent that the votes thereon are duplicative of other Master Ballots.  If two or more Master Ballots are inconsistent, the latest Master Ballots received prior to the Voting Deadline will, to the extent of such inconsistency, supersede and revoke any prior Master Ballot.  If more than one Master Ballot is submitted and the later Master Ballot(s) supplements rather than supersedes earlier Master Ballot(s), please mark the subsequent Master Ballot(s) with the words "Additional Vote" or such other language as you customarily use to indicate an additional vote that is not meant to revoke an earlier vote.

**To have the votes of your customers count, you must complete, sign and return this Master Ballot so that it is ACTUALLY RECEIVED by the Voting Agent, Kurtzman Carson Consultants LLC, by 5:00 P.M., New York City Time, on June 11, 2012.  Unsigned Master Ballots will not be counted.**

To complete the Master Ballot properly, take the following steps:

(a)    Check the appropriate box in Item 1 on the Master Ballot;

(b)    To transmit the votes of Beneficial Holders of 10.5% Notes Claims, indicate the votes to accept or reject the Plan in Item 2 of the Master Ballot.  Also indicate whether the Beneficial Holder opted-out of the releases contained in Article VIII.J. of the Plan by checking Item 2 of the Master Ballot.  To identify such Beneficial Holders without disclosing their names, please use the customer account number assigned by you to each such Beneficial Holder, or if no such customer account number exists, please assign a number to each account (making sure to retain a separate list of each beneficial owner and the assigned number).

7

CODE [    ]                                                                                    CUSIP [    ]

**IMPORTANT:  EACH BENEFICIAL HOLDER MUST VOTE *ALL* OF ITS 10.5% NOTES CLAIM *EITHER* TO ACCEPT *OR* REJECT THE PLAN, AND MAY NOT SPLIT ITS VOTE.  IF ANY BENEFICIAL HOLDER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT THE VOTING AGENT IMMEDIATELY.**  Any Ballot or Master Ballot that is signed, dated and timely received, but does not indicate acceptance or rejection of the Plan will not be counted for purposes of voting on the Plan;

(d)     Please note that Item 3 of the Master Ballot requests that you transcribe the information provided by each Beneficial Holder in Item 4 of the Beneficial Holder Ballot relating to other 10.5% Notes Claims voted;

(e)     Review the certification in Item 4 of the Master Ballot;

(f)     Sign and date the Master Ballot and provide the remaining information requested;

(g)     If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item on the Master Ballot to which you are responding;

(h)     Contact the Voting Agent if you need any additional information; and

(i)     Deliver the completed, executed Master Ballot so as to be received by the Voting Agent before the Voting Deadline.  For each completed, executed Ballot returned to you by a Beneficial Holder, either forward such Ballot (along with your Master Ballot) to the Voting Agent or retain such Ballot in your files for one year from the Voting Deadline.

**IF YOU HAVE ANY QUESTIONS REGARDING THE MASTER BALLOT OR THE INSTRUCTIONS ABOVE, PLEASE CALL THE VOTING AGENT, KURTZMAN CARSON CONSULTANTS, LLC AT (877) 833-4150.**

CODE [    ]                                                                                    CUSIP [    ]

**REGISTERED HOLDER BALLOT FOR ACCEPTING OR
REJECTING THE PREPACKAGED JOINT PLAN OF REORGANIZATION
OF THE DEBTORS UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

**BALLOT FOR EXISTING COMMON STOCK HELD BY
CLASS 8 EXISTING COMMON STOCKHOLDERS**

Houghton Mifflin Harcourt Publishing Company and certain of their affiliates (collectively, the "Debtors") are soliciting votes with respect to the *Prepackaged Joint Plan of Reorganization of the Debtors Under Chapter 11 of the Bankruptcy Code* (the "Plan"). The Plan is attached as Appendix A to the *Disclosure Statement for the Prepackaged Joint Plan of Reorganization of the Debtors Under Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement"). If you are, as of May 10, 2012 (the "Voting Record Date"), an Existing Common Stockholder[1] holding Existing Common Stock in Class 8, please use this Ballot to cast your vote to accept or reject the Plan.

This Ballot is being sent to beneficial owners of the Existing Common Stock. The Plan can be confirmed by the Court and thereby made binding on beneficial owners if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of Claims in each Class of those holders and two-thirds in amount of holders of Equity Interests who actually vote on the Plan. In the event the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if the Court finds that the Plan accords fair and equitable treatment to the Class or Classes rejecting it and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To have your vote count, you must complete and return this Ballot.

This Ballot is to be used for voting by holders of Existing Common Stock. For your vote to be counted, this Ballot must be properly completed, signed, and returned in the envelope provided.

**THE DEADLINE FOR RECEIPT OF THIS BALLOT BY KURTZMAN CARSON CONSULTANTS LLC (THE "VOTING AGENT") IS JUNE 11, 2012 AT 5:00 P.M., NEW YORK CITY TIME, (THE "VOTING DEADLINE") UNLESS EXTENDED BY THE DEBTORS, WITH THE CONSENT OF THE REQUISITE PARTICIPATING LENDERS. FOR YOUR VOTE TO BE COUNTED, YOU MUST RETURN YOUR BALLOT SO THAT IT IS ACTUALLY RECEIVED BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE.**

---

[1]    All capitalized terms used but not defined herein shall have the meaning assigned to them in the Disclosure Statement or the Plan, as applicable.

CODE [    ]                                                                                                    CUSIP [    ]

US1:5872572v9

**IMPORTANT**

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal or other professional advice concerning the Plan, as well as the classification of your Equity Interest. Your Existing Common Stock in HMH Holdings has been placed in Class 8 under the Plan.

VOTING DEADLINE: 5:00 P.M., NEW YORK CITY TIME, ON JUNE 11, 2012.

If your vote is not received by the Voting Agent, Kurtzman Carson Consultants LLC, on or before the Voting Deadline and such deadline is not extended, your vote will not count. Ballots will not be accepted by facsimile or other means of electronic transmission.

If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.

---

**HOW TO VOTE:**

9.  COMPLETE ITEM 1 (if not already completed).

10. COMPLETE ITEM 2.

11. COMPLETE ITEM 3. IF YOU ELECT <u>NOT</u> TO GRANT THE RELEASES CONTAINED IN ARTICLE VIII.J. OF THE PLAN AND ELECT <u>NOT</u> TO CONSENT TO THE RELATED INJUNCTION. ELECTION TO WITHHOLD CONSENT IS AT YOUR OPTION. <u>IF YOU SUBMIT YOUR BALLOT WITHOUT THE BOX IN ITEM 3 CHECKED, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.J. OF THE PLAN AND THE RELATED INJUNCTION TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW</u>.

12. COMPLETE ITEM 4.

13. SIGN THE BALLOT.

14. RETURN THE ORIGINAL BALLOT IN THE ENCLOSED PRE-ADDRESSED POSTAGE-PAID ENVELOPE OR BY OTHER MEANS TO THE ADDRESS SET FORTH BELOW (SO THAT IT IS RECEIVED BEFORE THE VOTING DEADLINE).

15. YOU MUST VOTE THE FULL AMOUNT OF THE EXISTING COMMON STOCK COVERED BY THIS BALLOT EITHER TO ACCEPT OR TO REJECT THE PLAN. YOU MAY NOT SPLIT YOUR VOTE.

CODE [    ]                                                                              CUSIP [    ]

US1:5872572v9

> **16.    ANY EXECUTED BALLOT RECEIVED THAT (A) DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN, (B) THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN, OR (C) IS ILLEGIBLE, MUTILATED OR INCOMPLETE, WILL NOT BE COUNTED.**

**ITEM 1. Amount of Class 8 Existing Common Stock**. The undersigned certifies that as of the Voting Record Date, the undersigned was a holder of Existing Common Stock in the following amount:

_____ shares

**ITEM 2. Acceptance or Rejection of Plan**. The undersigned holder of Existing Common Stock in the amount identified in Item 1 above hereby elects to:

☐   ACCEPT the Plan.

☐   REJECT the Plan. [†]

[†]    **Please be advised that if Class 8 REJECTS the Plan, you WILL NOT be entitled to a distribution under the Plan.**

**ITEM 3. OPTIONAL – Opt-Out Election.**

Check this box if you elect not to grant the releases contained in Article VIII.J. of the Plan and elect not to consent to the related injunction provisions set forth in Article VIII.F. of the Plan.  Election to withhold consent is at your option.  If you submit your Ballot without this box checked, you will be deemed to consent to the releases set forth in Article VIII.J. of the Plan and the related injunction provisions set forth in Article VIII.F. of the Plan to the fullest extent permitted by applicable law.  The Debtors intend to seek approval, at the Confirmation Hearing, of the releases and related injunction contained in Articles VIII.J. and VIII.F. of the Plan as to all parties set forth in Article VIII.I. of the Plan.

☐ The undersigned elects <u>not</u> to grant the releases contained in Article VIII.J. of the Plan and elects <u>not</u> to consent to the related injunction provisions set forth in Article VIII.F. of the Plan.

**ITEM 4. Acknowledgements and Certification**.

By signing this Ballot, the undersigned certifies and/or acknowledges that: (i) it is the Existing Common Stockholder to which this Ballot pertains or is an authorized signatory and has full power and authority to vote to accept or reject the Plan; (ii) it has been provided with a copy of the Plan and the Disclosure Statement, and acknowledges that the votes set forth on this Ballot are subject to all of the terms and conditions set forth in the Plan and the Disclosure Statement; (iii) it is an accredited investor as defined in

3

Regulation D of the Securities Act of 1933, as amended; (iv) it has not submitted any other Ballots relating to the Existing Common Stock voted herein that are inconsistent with the votes as set forth in this Ballot or if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the votes set forth herein; and (v) either (a) this Ballot is the only Ballot submitted by the undersigned for the Existing Common Stock or (b) in addition to this Ballot, one or more Ballots for the Existing Common Stock have been submitted as follows (please use additional sheets of paper if necessary):

| Name of Existing Common Stockholder | Amount of Existing Common Stocks | Accepted the Plan | Rejected the Plan |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Name of Common Stockholder: _____

Social Security or Federal
Tax I.D. No.: _____

Signature: _____

Print Name: _____

Title: _____

Street Address: _____

City, State and Zip Code: _____

Email Address: _____

Telephone Number: _____

Date Completed: _____

This Ballot shall not constitute or be deemed a proof of interest or an assertion of an interest.

4

US1:5872572v9

YOUR RECEIPT OF THIS BALLOT DOES NOT SIGNIFY THAT YOUR EQUITY INTEREST HAS BEEN OR WILL BE ALLOWED.

---

**YOUR BALLOT MUST ACTUALLY BE RECEIVED BY THE VOTING AGENT, KURTZMAN CARSON CONSULTANTS LLC, AT THE FOLLOWING ADDRESS BY 5:00 P.M. (NEW YORK CITY TIME) ON JUNE 11, 2012, OR YOUR VOTE WILL NOT BE COUNTED:**

**Houghton Mifflin Harcourt Ballot Processing Center**
**Kurtzman Carson Consultants LLC**
**599 Lexington Avenue, 39th Floor**
**New York, NY 10022**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES DESCRIBED HEREIN, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT AND PLAN OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT, KURTZMAN CARSON CONSULTANTS LLC, AT (877) 833-4150.**

CODE [    ]                                                                                    CUSIP [    ]

US1:5872572v9

## EXHIBIT C

## NOTICE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:                                          :
                                                :  Chapter 11
HOUGHTON MIFFLIN                                 :
HARCOURT PUBLISHING COMPANY, *et al.,*           :  Case No. 12-____ (___)
                                                :
                            Debtors.             :  (Joint Administration Pending)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**SUMMARY OF PREPACKAGED JOINT PLAN OF REORGANIZATION
AND NOTICE OF HEARING TO CONSIDER (I) DEBTORS' COMPLIANCE
WITH DISCLOSURE REQUIREMENTS AND (II) CONFIRMATION OF
PREPACKAGED JOINT PLAN OF REORGANIZATION**

**NOTICE IS HEREBY GIVEN AS FOLLOWS:**

1.  On May 21, 2012 (the "Petition Date"), Houghton Mifflin Harcourt Publishing Company, Houghton Mifflin Harcourt Publishers Inc., HMH Publishers, LLC, Houghton Mifflin Holding Company, Inc., Houghton Mifflin, LLC, Houghton Mifflin Finance, Inc., Houghton Mifflin Holdings, Inc., HM Publishing Corp., Riverdeep Inc., a Limited Liability Company, Broderbund LLC, RVDP, Inc., HRW Distributors, Inc., Greenwood Publishing Group, Inc., Classroom Connect, Inc., ACHIEVE! Data Solutions, LLC, Steck-Vaughn Publishing LLC, HMH Supplemental Publishers Inc., HMH Holdings (Delaware), Inc., Sentry Realty Corporation, Houghton Mifflin Company International, Inc., The Riverside Publishing Company, Classwell Learning Group Inc., Cognitive Concepts, Inc., Edusoft, Advanced Learning Centers, Inc. and HM Receivables Co. II, LLC (each a "Debtor," and collectively, the "Debtors"), filed with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") a proposed prepackaged plan of reorganization (the "Prepackaged Plan") and a proposed disclosure statement (the "Disclosure Statement") pursuant to §§ 1125 and 1126(b) of title 11 of the United States Code (the "Bankruptcy Code").  Copies of the Prepackaged Plan and the Disclosure Statement may be obtained free of charge by contacting the Debtors' Voting Agent,[1] Kurtzman Carson Consultants LLC ("KCC") at (877) 833-4150 and are on file with the Clerk of the Bankruptcy Court, One Bowling Green, New York, NY 10004-1408, where they are available for review between the hours of 9:00 a.m. and 5:00 p.m. prevailing Eastern Time.  The Prepackaged Plan and the Disclosure Statement also are available for inspection on the Bankruptcy Court's internet site at www.nysb.uscourts.gov (password is required) and free of charge on KCC's internet site at http://www.kccllc.net/hmhco.

---

[1]    Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Prepackaged Plan.

## Summary of Prepackaged Plan of Reorganization

2.  Under the Prepackaged Plan, the Debtors will restructure their outstanding indebtedness in a manner designed to maximize recoveries to holders of claims against, and equity interests in, the Debtors.  Prior to the Petition Date, the Debtors solicited votes from the Senior Creditors and the Existing Common Stockholders (which are the only parties entitled to vote on the Prepackaged Plan and whose members overwhelmingly voted in favor of the Prepackaged Plan).  In particular, the Prepackaged Plan contemplates that (i) Senior Creditors shall receive their pro rata share of (a) 100% of New Common Stock, subject to dilution for (x) New Common Stock to be issued pursuant to the Management Incentive Plan and (y) to the extent applicable, New Common Stock to be issued upon exercise of the New Warrants, and (b) $30.3 million in Cash; (ii) except to the extent that a holder of an Allowed Letter of Credit Facility Claim and the Debtors with the consent of the Requisite Participating Lenders agree to a different treatment, the outstanding letters of credit issued under the Letter of Credit Facility shall either continue unaffected upon consummation of the Prepackaged Plan or be replaced by the Exit Facility and the Letter of Credit Facility shall be deemed terminated; (iii) holders of Allowed General Unsecured Claims shall receive Cash in amount equal to such holder's Allowed General Unsecured Claim plus accrued and unpaid Post-Petition Interest or shall otherwise continue unaffected upon consummation of the Prepackaged Plan, to be paid in the ordinary course of business; and (iv) if the Class of Existing Common Stockholders votes to accept the Prepackaged Plan, the Existing Common Stockholders shall be entitled to receive their pro rata share of the New Warrants; if such Class votes to reject the Prepackaged Plan, the Existing Common Stockholders shall not be entitled to a distribution under the Prepackaged Plan.  The Receivables Facility shall be paid in full from the proceeds of the debtor in possession financing that will be provided to the Debtors in the Chapter 11 Cases.

3.  The following chart summarizes the treatment provided by the Prepackaged Plan to each class of claims and interests and indicates whether the classes are impaired or unimpaired.

| CLASS | CLASS DESCRIPTION | IMPAIRMENT/ TREATMENT |
|---|---|---|
| Class One | Other Priority Claims | Unimpaired |
| Class Two | Other Secured Claims | Unimpaired |
| Class Three | Senior Creditor Claims | Impaired |
| Class Four | General Unsecured Claims | Unimpaired |
| Class Five | Letter of Credit Facility Claims | Unimpaired |
| Class Six | Intercompany Claims | Unimpaired |

| CLASS | CLASS DESCRIPTION | IMPAIRMENT/ TREATMENT |
|---|---|---|
| Class Seven | Equity Interests in Debtors other than HMH Holdings | Unimpaired |
| Class Eight | Existing Common Stockholders | Impaired |
| Class Nine | Other Holdings Equity Interests | Impaired |

**Hearing to Consider Compliance with Disclosure Requirements**

4.  A hearing to consider compliance with the disclosure requirements, any objections to the Disclosure Statement, and any other matter that may properly come before the Bankruptcy Court will be held before the Honorable _____, United States Bankruptcy Judge, in Room ____ of the United States Bankruptcy Court, One Bowling Green, New York, NY 10004-1408, on _____ at __: __ _.m. prevailing Eastern Time, or as soon thereafter as counsel may be heard (the "Disclosure Statement Hearing").  The Disclosure Statement Hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date or dates at the Disclosure Statement Hearing or at an adjourned Disclosure Statement Hearing and will be posted on KCC's website at http://www.kccllc.net/hmhco.

5.  Any objections to the Disclosure Statement shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, shall set forth the name of the objector, the nature and amount of any claims or interests held or asserted by the objector against the estate or property of the Debtors, the basis for the objection, and the specific grounds therefor, and shall be filed with the Bankruptcy Court at the address specified in the previous paragraph, with a copy delivered directly to Chambers, together with proof of service thereof, and served upon the following persons so as to be received on or before _____ __, 2012,  at __: __ _.m. prevailing Eastern Time:

(i)   PAUL, WEISS, RIFKIND, WHARTON & GARRISON, LLP
      1285 Avenue of the Americas
      New York, NY 10019-6064
      Attn:  Alan W. Kornberg, Esq. and Jeffrey D. Saferstein, Esq.
      Proposed Counsel to the Debtors and the Debtors-in-Possession

(ii)  AKIN, GUMP, STRAUSS, HAUER & FELD, LLP
      One Bryant Park
      New York, NY 10036
      Attn:  Ira S. Dizengoff, Esq. and Philip C. Dublin, Esq.
      Counsel to the Informal Creditor Group

(iii) SHEARMAN & STERLING LLP
      599 Lexington Avenue
      New York, NY 10022
      Attn: Edmund Emrich, Esq. and Fredrick Sosnick

(iv)  EMMET, MARVIN & MARTIN LLP
      120 Broadway, 32nd Floor
      New York, NY 10271
      Attn: Bryant Berg, Esq.
      Counsel to the 10.5% Indenture

|  |  |
|---|---|
| Counsel to the agent for postpetition lenders and First Lien Agents | Trustee |

| | |
|---|---|
| (v) THE UNITED STATES TRUSTEE<br>33 Whitehall Street, 21st Floor<br>New York, NY 10004<br>Attn:  Andrea B. Schwartz | (vi) SECURITIES AND EXCHANGE<br>COMMISSION<br>New York Regional Office<br>Three World Financial Center<br>Suite 400<br>New York, NY 10281-1022<br>Attn:  George S. Canellos<br>Regional Director |
| (vii) COUNSEL TO ANY OFFICIAL<br>COMMITTEE APPOINTED IN<br>THESE CHAPTER 11 CASES | (viii) PARTIES REQUESTING NOTICE<br>PURSUANT TO BANKRUPTCY<br>RULE 2002 |

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.**

**<u>Hearing on Confirmation of the Prepackaged Plan</u>**

6.  A hearing to consider confirmation of the Prepackaged Plan, any objections thereto, and any other matter that may properly come before the Bankruptcy Court shall be held before the Honorable _____, United States Bankruptcy Judge, in Room ____, of the United States Bankruptcy Court, One Bowling Green, New York, NY 10004-1408, immediately following the Disclosure Statement Hearing referred to above or at such later time as determined by the Bankruptcy Court at the conclusion of the Disclosure Statement Hearing (the "<u>Confirmation Hearing</u>").  The Confirmation Hearing may be adjourned from time to time without further notice other than as announced at the Confirmation Hearing or at an adjourned Confirmation Hearing or posted on KCC's website at http://www.kccllc.net/hmhco.

7.  Objections to the Prepackaged Plan, if any, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, shall set forth the name of the objector, the nature and amount of any claims or interests held or asserted by the objector against the estate or property of the Debtors, the basis for the objection, and the specific grounds therefor, and shall be filed with the Bankruptcy Court at the address specified in paragraph 4, with a copy delivered directly to Chambers, together with proof of service thereof, and served upon the persons set forth in paragraph 5 above so as to be received on or before ____, _____, at __: __ _.m. prevailing Eastern Time.  **UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITHY THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.**

8.  The times fixed for the Confirmation Hearing and objections to confirmation of the Prepackaged Plan may be rescheduled by the Bankruptcy Court in the event that the Bankruptcy Court does not find compliance with the disclosure requirements on

_____ __, 2012.  Notice of the rescheduled dates or dates, if any, will be provided by an announcement at the Disclosure Statement Hearing or at an adjourned Disclosure Statement Hearing and will be available on KCC's website at http://www.kccllc.net/hmhco.

### Section 341(a) Meeting

9.  A meeting pursuant to section 341(a) of the Bankruptcy Code (the "Section 341(a) Meeting") shall be held at the United States Bankruptcy Court, in room ___, One Bowling Green, New York, NY 10004-1408, on _____ ___, 2012 at __:__ _.m. prevailing Eastern Time.  Such meeting will not be convened if (i) the Prepackaged Plan is confirmed prior to the date set forth above for the Section 341(a) Meeting and/or (ii) the order confirming the Prepackaged Plan (or order entered substantially contemporaneously therewith) contains a provision waiving the convening of a Section 341(a) Meeting.

Dated:  _____, 2012
         New York, New York

_____

PAUL, WEISS, RIFKIND, WHARTON
& GARRISON, LLP
Alan W. Kornberg
(akornberg@paulweiss.com)
Jeffrey D. Saferstein
(jsaferstein@paulweiss.com)
Philip A. Weintraub
(pweintraub@paulweiss.com)
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone:  (212) 373-3000
Facsimile:   (212) 757-3990

Proposed Counsel for the Debtors and
Debtors-in-Possession