*Endorsed Order:*

      1. Motion for order shortening time denied. This matter is too important to be heard without giving the stakeholders in this case, whose money is on the line, the normal opportunity to respond.

      2. If the US Trustee is willing to waive the opportunity to reply, the motion will be heard at a hearing on June 13, 2012, at **8:00 a.m.**, in which event answering papers must be filed, pursuant to S.D.N.Y. LBR 9006-1(b), 7 days before that date, no later than 5:00 p.m. on June 6, 2012. If, on the other hand, the US Trustee wishes to reply, the motion will be heard at a hearing on June 18, 2012, at 9:45 a.m., in which event answering papers must be filed no later than noon on June 11, 2012, and reply papers must be filed no later than 5:00 p.m. on June 13, 2012. In either event, the hearing on the chosen day, consistent with LBR 9014-2 and Paragraphs 3 and 4 of this Court's Case Management Order #1, dated May 21, 2012, will be non-evidentiary. On that day, each side should be prepared to address the extent, if any, to which material issues of fact exist which would require a subsequent evidentiary hearing. No later than 4:00 p.m. on Friday, June 1, the US Trustee is to inform this Court's Chambers of the date selected as the hearing date, and notify counsel for the creditors and the Debtors of the selected hearing date and resulting deadlines.

      3. The US Trustee is reminded of the requirements of Case Management Order #1 (and, in particular, its Paragraph 26).[1] Going forward, the Court expects, from the US Trustee and other parties alike, compliance with its case management orders, particularly on matters that involve fairness to other parties.

Dated: New York, New York                    *s/Robert E. Gerber*
        May 31, 2012                          United States Bankruptcy Judge

---

[1]      For the avoidance of doubt, Paragraph 26 provides (in relevant part):

> *On Motions that reasonably may be expected to engender opposition and as to which the movant will wish the opportunity to reply, the movant should confer with any expected adversaries to agree on a briefing schedule.* If efforts to agree are unsuccessful or if circumstances make that impractical, the movant may unilaterally set the schedule, but if it is unreasonable, the opposing party may apply to the Court for modifications in the schedule, and where it appears that the schedule unilaterally set was not a reasonable one, requests for modification will presumptively be granted. <u>Parties are expected to provide for a sufficient time for the Court's review of reply papers (and in any event no less than two full business days, unless otherwise authorized by the Court), and to advise Chambers as to when reply papers will be forthcoming.</u>

(Emphasis in italics added; emphasis by underlining in original).

-1-

TRACY HOPE DAVIS
United States Trustee for Region 2
U.S. Department of Justice
Office of the United States Trustee
33 Whitehall Street, 21st Floor
New York, New York 10004
Tel. (212) 510-0500
By:   Andrea B. Schwartz, Esq.
      Susan D. Golden, Esq.
      Trial Attorneys

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                               :
In re                                                          :   Chapter 11
                                                               :
HOUGHTON MIFFLIN HARCOURT                                      :
PUBLISHING COMPANY, et al.,                                    :   Case No. 12-12171 (REG)
                                                               :
                                                               :   (Jointly Administered)
                          Debtors.                             :
                                                               :
---------------------------------------------------------------x

**MOTION OF UNITED STATES TRUSTEE, PURSUANT TO
FED. R. BANKR. P. 9006(C) AND LOCAL BANKRUPTCY RULE 9006-1(B),
FOR ENTRY OF ORDER SHORTENING TIME FOR NOTICE OF HEARING
TO CONSIDER UNITED STATES TRUSTEE'S MOTION, PURSUANT TO
28 U.S.C. § 1406(a) AND FED. R. BANKR. P. 1014(a)(2), TO TRANSFER
THESE CASES TO DISTRICT WHERE VENUE IS PROPER**

TO:   HONORABLE ROBERT E. GERBER,
      UNITED STATES BANKRUPTCY JUDGE:

Tracy Hope Davis, the United States Trustee for Region 2 (the "United States Trustee"), by and through her counsel, respectfully submits this motion (the "Motion to Shorten Time"), pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 9006-1(b) of the U.S. Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules"), for the entry of an order, substantially in the form annexed hereto as **Exhibit** A, shortening the time for notice of

the hearing to consider the United States Trustee's motion (the "Venue Motion"), pursuant to 28 U.S.C. § 1406(a) and Bankruptcy Rule 1014(a)(2), to transfer the captioned cases to a district where venue is proper such that a hearing can be heard at the Court's earliest availability and before June 11, 2012. In support hereof, the United States Trustee respectfully states as follows:

## JURISDICTION, VENUE AND STATUTORY PREDICATE

1. The Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

2. For the reasons set forth below and in greater detail in the Venue Motion, venue is not proper in this district.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

4. This Motion to Shorten Time is initiated pursuant Bankruptcy Rule 9006(c) and Local Bankruptcy Rule 9006-1(b).

## FACTS

*The Chapter 11 Filings*

5. On May 21, 2012 (the "Petition Date"), Houghton Mifflin Harcourt Publishing Company, a Massachusetts corporation and one of Boston's largest employers, together with 24 of its affiliated companies (collectively, the "Debtors") filed voluntary petitions for relief in this district under Chapter 11 of title 11, United States Code (the "Bankruptcy Code"). (ECF No. 1). By Order dated May 21, 2012, the cases are being administered jointly. (ECF No. 26).

6. On May 21, 2012, the United States Trustee solicited creditors willing to serve on an Official Committee of Unsecured Creditors (the "Creditors' Committee").

2

As of the date hereof, the United States Trustee has not appointed a Creditors' Committee in these cases. No trustee or examiner has been appointed in these cases.

*Prepackaged Cases*

7. The Debtors' bankruptcy cases are part of a "prepackaged" plan (the "Plan") pursuant to which the Debtors seek to exchange their debt for equity in a reorganized company on an expedited basis. (ECF No. 15). Prior to the Petition Date, the Debtors solicited votes on the Plan, and at the hearing (the "`First Day' Hearing") held on May 21, 2012, the Court granted the Debtors' request to schedule a combined hearing to consider both the adequacy of the disclosure statement and confirmation of the Plan on June 21, 2012, at 9:45 a.m. (ECF No. 33).

8. In addition, at the First Day Hearing, the Court granted substantial relief to the Debtors on an interim basis, including the ability of the Debtors to obtain debtor in possession ("DIP") financing, use existing bank accounts, pay general unsecured creditors in the ordinary course of business, pay taxes and insurance and to pay wages, and has scheduled a hearing to consider granting final relief on most of these motions for June 11, 2012, at 9:45 a.m. (ECF Nos. 27, 32, 34 and 37). The Court will consider granting final relief on the Debtors' DIP and exit financing motion at the June 21, 2012 hearing. (ECF No. 35).

**RELIEF REQUESTED**

9. By the Motion to Shorten Time, the United States Trustee requests entry of an order (i) shortening the notice period on the Venue Motion so that the Court may hold a hearing at its earliest availability and prior to June 11, 2012, and (ii) fixing the

objection deadline for the Venue Motion for three business days prior to the hearing date and the deadline for any replies for two days prior to the hearing date.

10. Local Bankruptcy Rule 9006-1(b) provides that, "unless the Court orders otherwise," all motion papers (other than those concerning discovery-related issues), all motion papers must be served at least 14 days before the return date. LBR 9006-1(b). LBR 9006-1(b). The local rule further provides that "[w]here such service is made, any answering papers shall be served so as to ensure actual receipt not later than seven days before the return date." Id.

11. Bankruptcy Rule 9006(c) provides that "[w]hen an act is required or allowed to be done at or within a specified time by these rules or … by order of the court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c).

12. Cause exists pursuant to Bankruptcy Rule 9006(c) and Local Bankruptcy Rule 9006-1(b) to shorten the notice period for the Venue Motion because the Court hearings are already scheduled to take place in these prepackaged cases where substantial relief may be granted, including, confirmation of the Plan. To proceed on the expedited prepackaged case schedule, without first determining whether venue is proper in this district under the statutory predicates of Section 1408 of Title 28, would permit these Debtors (and others) to circumvent the venue statute and forum shop simply by taking advantage of a court's prepackaged bankruptcy case procedures. By the time the Venue Motion would be heard if the Court were to decline the relief sought, that is, no sooner than June 13, 2012, the Court may well have granted the Debtors final relief on a host of motions, and the cases would be one week away from confirmation. Thus, irrespective of

4

whether venue is proper, the Debtors will have obtained relief that they may otherwise not have if their cases were heard in a district where venue is proper, for example, the District of Massachusetts, where the Debtors' principal place of business is located.

13. In addition, no prejudice will be visited upon the Debtors if the Court were to grant the Motion to Shorten Time because the United States Trustee's concerns over venue of these cases was made at and before the First Day Hearing. It can come as no surprise to the Debtors that serious questions have been raised as to whether venue of these cases may be laid properly in this district.

14. The Court should not allow these cases to proceed as quickly as they are scheduled without first pausing to determine whether venue is proper. For the reasons set forth in greater detail in the Venue Motion, it does not appear that venue is proper in this district. Accordingly, the United States Trustee requests that the Court schedule a hearing on the Venue Motion as soon as possible and determine this gating issue before considering whether to grant any further relief to the Debtors in these cases.

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order (i) shortening the time for notice of the Venue Motion in a form

substantially as that annexed hereto as Exhibit A, and (ii) granting such further relief as is just.

Dated: New York, New York
       May 30, 2012

                                      Respectfully submitted,

                                      TRACY HOPE DAVIS
                                      UNITED STATES TRUSTEE

                                      By: */s/ Andrea B. Schwartz*
                                             Andrea B. Schwartz
                                             Susan D. Golden
                                             Trial Attorneys
                                             33 Whitehall Street, 21st Floor
                                             New York, New York 10004
                                             Tel. No. (212) 510-0500
                                             Fax No. (212) 668-2255

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re                                                       :  Chapter 11
                                                            :
HOUGHTON MIFFLIN HARCOURT                                   :
PUBLISHING COMPANY, et al.,                                 :  Case No. 12-12171 (REG)
                                                            :
                                                            :  (Jointly Administered)
                        Debtors.                            :
                                                            :
------------------------------------------------------------x

**ORDER SHORTENING TIME FOR NOTICE OF HEARING
TO CONSIDER UNITED STATES TRUSTEE'S MOTION, PURSUANT
TO 28 U.S.C. § 1406(a) AND FED. R. BANKR. P. 1014(a)(2), TO
TRANSFER CASES TO DISTRICT WHERE VENUE IS PROPER**

Upon the motion (the "Motion to Shorten Time") of Tracy Hope Davis, the United States Trustee for Region 2 (the "United States Trustee"), for entry of an order shortening the time for notice of the hearing to consider the United States Trustee's Motion, Pursuant to 28 U.S.C. § 1406(a) and Fed. R. Bankr. P. 1014(a)(2), to Transfer Cases to District Where Venue Is Proper (the "Venue Motion"); and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that the Motion to Shorten Time is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having reviewed the Motion to Shorten Time; and this Court having found that the relief requested in the Motion to Shorten Time is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Motion to Shorten Time appears adequate and appropriate under the circumstances; and this Court having determined that the legal and factual bases set forth in the Motion to Shorten Time establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1.	The Motion is granted to the extent set forth herein.

2.	A hearing to consider the Venue Motion shall be held on _____ at _____ (prevailing Eastern Time).

3.	Objections or responses, if any, to the Venue Motion must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of the Southern District of New York, (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties in interest must file on a 3.5 inch disk (preferably in Portable Document Format, or PDF, WordPerfect, or any other Windows-based word processing format), (d) be submitted in hard copy form directly to the chambers of the Honorable Robert E. Gerber, and (e) be served upon the United States Trustee, U.S. Department of Justice, Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn.: Andrea B. Schwartz, Esq.) **so that they are received no later than _____ (5:00 p.m.).** Such papers shall conform to the Federal Rules of Civil Procedure and identify the party on whose behalf the papers are submitted, the nature of the response, and the basis for the response.

4.	Replies, if any, must adhere to the same requirements set forth in the preceding paragraph and served upon the Debtors' Counsel Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019 (Attn.: Jeffrey D. Saferstein, Esq.) **so that they are received no later than _____ (5:00 p.m.).**

2

5.       Service of a copy of this Order and the Venue Motion by email upon the Debtors' counsel on or before May 31, 2012, shall be deemed good and sufficient service of the Venue Motion and the relief sought therein.

Dated: New York, New York
       May _____, 2012

                                          _____
                                          Honorable Robert E. Gerber
                                          United States Bankruptcy Judge