IN THE UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

IN THE MATTER OF:                                        CASE NO. 12-12171

HOUGHTON MIFFLIN HARCOURT
PUBLISHING COMPANY

   DEBTOR                                                     CHAPTER 11

OBJECTION TO CONFIRMATION OF
PREPACKAGED JOINT PLAN OF REORGANIZATION OF THE DEBTORS
UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

TO THE HONORABLE BANKRUPTCY JUDGE:

NOW COMES The County of Denton, Texas, and files its Objection to the Confirmation of the Prepackaged Joint Plan of Reorganization of the Debtors under Chapter 11 of the Bankruptcy Code, on the following grounds:

1. The claim of the undersigned is included in the class of claims described as Priority Tax Claims.

2. The claim of the undersigned is impaired under the Plan, and The County of Denton, Texas, has not accepted the Plan within the time fixed to do so.

3. This claim arises from property taxes for the 2012 tax year on the Debtors' property described as personal property located in this ad valorem tax jurisdiction. On January 1, 2012, personal liability arose and a statutory lien attached for the 2012 tax year. The laws of the State of Texas; Property Tax Code, Section 32.05(b); give the tax liens securing these property taxes superior claim over any other claim or lien against this property. This state priority for tax liens is retained in the Bankruptcy Code giving this claim a superior position over all other claims against this property. Stanford v. Butler, 826 F.2d 353 (5th Cir. 1987), 11 USC § 506; Universal Seismic Associates, Inc., 288 F.3d 205 (5th Cir. 2002); In Re Winn's Stores, Inc.; 177 B.R. 253 (Bktcy W.D. Tex 1995).

4. The Plan provisions which deal with the secured claims of the undersigned fail to provide fair and equitable treatment to this secured claim as required by 1129(b)(1) and (2)(A) in that:

    a. The County of Denton, Texas, is entitled to express retention of all property tax liens currently securing its claim until all taxes and interest protected by those liens have been paid.

    b. The County of Denton, Texas, is entitled to interest from the petition date through the Effective Date under 11 USC § 506(b), as well as from the Effective Date until paid in full under § 1129(b), at the statutory rate of 1% per month as required by 11 USC § 511;

    c. The County of Denton, Texas, objects to paragraph V.D. inasmuch as it is not subject to being capped in that its claim is entitled to an ongoing accumulation of interest until paid in full;

    d. The County of Denton, Texas, objects to any limitation on its ability to claim taxes or to amend its existing claims prior to the Governmental Bar Date;

    e. The County of Denton, Texas, objects to any provisions which prevent claims that are not objected to from being deemed allowed pursuant to 11 U.S.C. § 502(a).

5. The following language, if included in the Order Confirming the Plan would be sufficient to satisfy the objection of the County of Denton, Texas, to this Chapter 11 Plan:

> This Plan, the Confirmation Order, any orders or agreements regarding the DIP Financing or the Exit Financing notwithstanding, the County of Denton, Texas, shall retain its statutory liens at the priority they hold under state law until all taxes and interest to which they are otherwise entitled have been paid in full. The 2012 taxes of the County of Denton, Texas, shall be timely paid in full in the ordinary course, and, to the extent not so paid, shall receive interest at the statutory rate until paid in full. The County of Denton, Texas, shall not be subject to paragraph V.D. of the plan. Pursuant to 11 U.S.C. §502(a), any claims of the County of Denton, Texas, shall be deemed Allowed unless a party in interest objects. Nothing in the Plan or Confirmation Order, including but not limited to Plan paragraph V.B.(g), shall impair the rights of the County of Denton,

      Texas, to file claims prior to the governmental claims bar date set in these cases, if any, or as otherwise allowed by the Court or to amend claims as it deems appropriate, including subsequent to the Distribution Record Date, and nothing therein shall relieve the Reorganized Debtor of its obligations to pay any such Allowed claims in accordance with this Paragraph, the Plan, and the Confirmation Order.

      WHEREFORE, The County of Denton, Texas, objects to confirmation of the Plan due to noncompliance with the provisions of § 1129(b)(1) and (2)(A) of the Bankruptcy Code, and further requests other and such relief as is just and proper.

Dated:  June 7, 2012

      Respectfully submitted,

      MCCREARY, VESELKA, BRAGG & ALLEN, P.C.
      Attorneys for Claimant, The County of Denton, Texas

      */s/Michael Reed*
      Michael Reed
      State Bar Number 16685400
      P.O. Box 1269
      Round Rock, Texas 78680
      Telephone: (512) 323-3200
      Fax: (512) 323-3205

CERTIFICATE OF SERVICE

    I hereby certify that I have placed a copy of the above Objection to Confirmation of Plan to the Judge's chambers by overnight mail, to the following parties by fax, and to those parties listed on the Court's Notice of Electronic Filing on June 7, 2012, by Electronic Notification.

                                                                             */s/Michael Reed*
                                                                             Michael Reed

Counsel to the Debtors:
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Attention: Alan W. Kornberg, Esq. and Jeffrey D. Saferstein, Esq.
Fax: 212-373-2053

Counsel to the Informal Creditor Group:
Akin, Gump Strauss, Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Attention: Ira S. Dizengoff, Esq. and Philip C. Dublin, Esq.
Fax: 212-872-1002

Counsel to the agent for postpetition lenders and the First Lien Agents:
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022
Attention: Edmund Emrich, Esq. and Fredric Sosnick, Esq.
Fax: 212-848-7179

Counsel to the 10.5% Indenture Trustee:
Emmet, Marvin & Martin LLP
120 Broadway, 32nd Floor
New York, NY 10271
Attention: Bryant Berg, Esq.
Fax: 212-238-3100

The United States Trustee
33 Whitehall Street, 21st Floor
New York, NY 10004
Attention: Andrea B. Schwartz, Esq.
Fax: 212-668-2255

Securities and Exchange Commission
New York Regional Office
Three World Financial Center, Suite 400
New York, NY 10281-1022
Attention: George S. Canellos, Regional Director
Fax: 212-336-1100