UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **In Re:** § | | **Chapter 11** |
| § | | |
| **HOUGHTON MIFFLIN HARCOURT** § | | |
| **PUBLISHING COMPANY,** *et al.* § | | **CASE NO. 12-12171(REG)** |
| § | | |
| **Debtors.** § | | **Jointly Administered** |

### OBJECTION OF LEWISVILLE INDEPENDENT SCHOOL DISTRICT AND CARROLLTON-FARMERS BRANCH INDEPENDENT SCHOOL DISTRICT TO CONFIRMATION OF THE PREPACKAGED JOINT PLAN OF REORGANIZATION OF THE DEBTORS UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

TO THE HONORABLE JUDGE OF SAID COURT:

Now come Lewisville Independent School District and Carrollton-Farmers Branch Independent School District, local school districts and political subdivisions in the State of Texas, (hereinafter referred to as "School Districts") and file this Objection to Confirmation of the "Prepackaged Joint Plan of Reorganization of the Debtors under Chapter 11 of the Bankruptcy Code" (hereinafter "Plan") and, in support thereof, would show the following:

1.  The School Districts are holders of secured claims for 2012 ad valorem taxes on business personal property located with the School Districts' taxing jurisdictions. Pursuant to Texas law, a lien automatically attached to Debtors' property on January 1, 2012 to secure payment of all taxes, penalties, and interest ultimately imposed on the Debtors' property by the School Districts for the 2012 tax year. TEXAS TAX CODE §32.01. Pursuant to Texas Tax Code §32.05, with limited exceptions not applicable in this case, the ad valorem tax liens take priority over other liens and property interests. *See*, TEXAS TAX CODE §32.05. Further, pursuant to Section 32.07 of the Texas Tax Code, the owner of the property on January 1 of the tax year is personally liable for the tax. TEXAS TAX CODE §32.07. Based on 2011 tax amounts, at the time

1

of the bankruptcy filing, the 2012 tax claim of Lewisville Independent School District was estimated to be $206,589.24, and the 2012 claim of Carrollton-Farmers Branch Independent School District was estimated to be 465.38.[1]

3. The School Districts object to confirmation of the Plan because, for the reasons discussed herein, the Plan fails to provide specific treatment for the School Districts' secured tax claims and fails to adequately provide for the School Districts' secured claims as required by 11 U.S.C.A. §1129(b)(2)(A).

4. The Plan does not specifically classify Secured Tax Claims, such as the School Districts' claims. Therefore, the School Districts understand their pre-petition claims would be treated as a Class 2 Other Secured Claims. The Plan generally provides that such Other Secured Claims will either (i) be reinstated and rendered unimpaired in accordance with section 1124(s) of the Bankruptcy Code; (ii) receive Cash in an amount equal to such Allowed Other Secured Claim plus Post-Petition Interest (as defined in the Plan) or (iii) receive the collateral securing such Allowed Other Secured Claim plus Post-Petition Interest. (Plan, p. 25.) The School Districts object to the treatment of such Other Secured Claims as follows:

    a. The Plan is not specific as to the treatment the School Districts will receive on their claims. While the Plan provides multiple options for treatment of Other Secured Claims, it is unclear specifically how and when Debtors propose to pay the School Districts' secured tax claims. The School Districts propose their 2012 taxes should be paid by the Reorganized Debtors in the ordinary course of business when due and prior to delinquency under state law.

    b. The Plan fails to specifically provide for retention of the School Districts'

---

[1] The amounts listed are estimated taxes based on 2011 tax liabilities. While incurred January 1, 2012, the 2012 taxes have not yet been finally assessed and are subject to change, including based on any change in value, exemptions, and/or tax rates.

2

tax liens as required by Section 1129(b)(2)(A)(i)(I). Article VIII.D provides generally for the vesting of property in the Reorganized Debtors free and clear of liens except as otherwise expressly provided in the Plan. The School Districts object to any vesting of property free and clear of their tax liens or any priming of their tax liens by any exit facility or otherwise. The School Districts request that any order confirming the Plan clarify that any tax liens shall be retained with the same priority as such liens hold under state law until payment in full of the underlying tax liabilities.

c.     Due to the definition of "Post-Petition Interest" in the Plan, the Plan fails to provide for post-confirmation interest to be paid on the School Districts' claims as required by Sections 1129(b)(2)(A)(i)(II) at the rate required by Section 511 of the Bankruptcy Code. Pursuant to Section 33.01 of the Texas Tax Code, unpaid taxes incur interest at a rate of 1% per month. TEXAS TAX CODE §33.01. The School Districts object to the Plan, including but not limited to the definition of "Post-Petition Interest", to the extent it does not provide for accumulation and payment of interest at the state law rate until paid.

5.     The School Districts further object to the Plan, including but not limited to, the definitions of Allowed, Disputed and Secured Claims, to the extent they may be deemed to render the School Districts' claims disputed prior to the filing of any objection. Under 11 U.S.C. § 502(a), a filed claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). At this time, it is the School Districts' understanding that no bar date for the filing of claims has been set in these cases. The Notice of Commencement for these cases stated, "The Debtors do not currently contemplate setting a deadline to file proofs of claim." However, Section V.B.1.(g) of the Plan states that the Claims register shall be closed as of the close of business on the Distribution Record Date, there shall be no changes, the Debtors shall have no obligation to

recognize any claim filed or transfer of Claims occurring after the Distribution Record Date, and the Reorganized Debtors shall be entitled to "recognize and deal for purposes under the Plan with only with those record holders stated on the Claims register as of the close of business on the Distribution Record Date." (Plan, p. 30.) The School Districts seek clarification in any order confirming the Plan that (1) the School Districts shall not be required to file a claim for 2012 taxes as a condition of allowance unless and until a bar date is set in these cases for filing claims; (2) any claim filed by the School District shall be deemed Allowed unless objected to in accordance with 11 U.S.C. § 502(a), and (3) nothing in the Plan, including but not limited to Section V.B.1.(g) or any estimation provisions in the Plan, shall impair the rights of the School Districts to file or amend claims or relieve the Reorganized Debtors of any obligations to pay any Allowed claims.

6. The School Districts propose inclusion of the following language in any order confirming the Plan:

> This Plan, the Confirmation Order, any orders or agreements regarding the DIP Financing or the Exit Financing notwithstanding, the Lewisville Independent School District and Carrollton-Farmers Branch Independent School District shall retain their statutory tax liens at the priority they hold under state law until all taxes and interest to which they are otherwise entitled have been paid in full. The 2012 taxes of the Lewisville Independent School District and Carrollton-Farmers Branch Independent School District shall be timely paid in full in the ordinary course, and, to the extent not so paid, shall receive interest at the statutory rate until paid in full. The Lewisville Independent School District and Carrollton-Farmers Branch Independent School District shall not be subject to paragraph V.D. of the plan. Pursuant to 11 U.S.C. § 502(a), any claims of the of the Lewisville Independent School District and Carrollton-Farmers Branch Independent School District shall be deemed Allowed unless a party in interest objects. Nothing in the Plan or Confirmation Order, including but not limited to Plan paragraph V.B.1.(g), shall impair the rights of the Lewisville Independent School District and Carrollton-Farmers Branch Independent School District to file claims prior to the governmental claims bar date set in these cases, if any, or as otherwise allowed by the Court or to amend claims as it deems appropriate, including subsequent to the

4

Distribution Record Date, and nothing therein shall relieve the Reorganized Debtor of its obligations to pay any such Allowed claims in accordance with this Paragraph, the Plan, and the Confirmation Order.

WHEREFORE, PREMISES CONSIDERED, the School Districts respectfully request confirmation of the Plan be denied unless appropriate treatment is made for the School Districts secured tax claims, and prays for such further relief to which it may show itself justly entitled.

Respectfully submitted,

/s/ Andrea Sheehan
Andrea Sheehan
Texas Bar No. 24002935
Law Offices of Robert E. Luna, P.C.
4411 North Central Expressway
Dallas, TX 75205
(214) 521-8000
(214) 521-1738 Facsimile
sheehan@txschoollaw.com

ATTORNEYS FOR LEWISVILLE INDEPENDENT SCHOOL DISTIRCT AND CARROLLTON-FARMERS BRANCH INDEPENDENT SCHOOL DISTRICT

/s/ J. Ted Donovan
J. Ted Donovan, Esq.
Goldberg Weprin Finkel Goldstein LLP
1501 Broadway, 22nd Floor
New York, NY 10036
General phones: (212) 221-5700
Telecopier: (212) 422-6836

LOCAL COUNSEL FOR LEWISVILLE INDEPENDENT SCHOOL DISTIRCT AND CARROLLTON-FARMERS BRANCH INDEPENDENT SCHOOL DISTRICT

## CERTIFICATE OF SERVICE

I hereby certify that I have forwarded a true and correct copy of the attached Objection to the parties listed below via overnight mail and via electronic delivery and/or United States first class mail to the parties on the attached service list this 8th day of June, 2012.

/s/ Andrea Sheehan
ANDREA SHEEHAN

Counsel to the Debtors:
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Attention: Alan W. Kornberg, Esq. and Jeffrey D. Saferstein, Esq.

Counsel to the Informal Creditor Group:
Akin, Gump Strauss, Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Attention: Ira S. Dizengoff, Esq. and Philip C. Dublin, Esq.

Counsel to the agent for postpetition lenders and the First Lien Agents:
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022
Attention: Edmund Emrich, Esq. and Fredric Sosnick, Esq.

Counsel to the 10.5% Indenture Trustee:
Emmet, Marvin & Martin LLP
120 Broadway, 32nd Floor
New York, NY 10271
Attention: Bryant Berg, Esq.

The United States Trustee
33 Whitehall Street, 21st Floor
New York, NY 10004
Attention: Andrea B. Schwartz, Esq.

Securities and Exchange Commission
New York Regional Office
Three World Financial Center, Suite 400
New York, NY 10281-1022
Attention: George S. Canellos, Regional Director