Karen C. Bifferato
Christina M. Thompson
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207 (19899)
Wilmington, DE 19801
Telephone: (302) 658-9141

*Attorneys for Inland Continental Property Management Corp.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――X
HOUGHTON MIFFLIN HARCOURT                    Chapter 11
PUBLISHING COMPANY, *et al.*,
                                             Case No. 12-12171 (REG)
                    Debtors.                 (Jointly Administered)
―――――――――――――――――――――X

### OBJECTION OF INLAND CONTINENTAL PROPERTY MANAGEMENT CORP. AS MANAGING AGENT FOR GENEVA 1031, LLC TO (I) APPROVAL OF DISCLOSURE STATEMENT FOR THE PREPACKAGED JOINT PLAN OF REORGANIZATION OF DEBTORS AND (II) CONFIRMATION OF PREPACKAGED JOINT PLAN OF REORGANIZATION OF DEBTORS

Inland Continental Management Corp. ("Inland"), by and through its undersigned counsel, hereby objects to (I) approval of the *Disclosure Statement for the Prepackaged Joint Plan of Reorganization of Debtors* [Docket No. 14] ("Disclosure Statement") and (II) confirmation of the *Prepackaged Joint Plan of Reorganization of Debtors* [Docket No. 15] ("Plan"), and in support thereof, respectfully states as follows:

### BACKGROUND

1.  On May 21, 2012 ("Petition Date"), the above-captioned debtors and debtors-in-possession ("Debtors") filed voluntary petitions under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2. Inland is the managing agent of the owner of non-residential real property located at 1900 South Batavia Avenue, Geneva, Illinois ("Premises"), which is leased to Houghton Mifflin Company, one of the Debtors, pursuant to that certain *Lease* and its applicable amendments (collectively, the "Lease"). As of the date of this Objection, the sum of $14,257.14 is due and owing under the Lease.[1]

3. Pursuant to the Plan, on the Effective Date of the Plan the Debtors will be deemed to have assumed each executor contract and unexpired lease to which they are a party unless certain enumerated exceptions exist. *See* Plan at XI.A.

4. The Plan requires the Debtors to file a *Plan Supplement* on or within ten (10) days of the Confirmation Hearing (i.e., no later than June 15, 2012). *See* Plan at I.A. The Plan Supplement will identify the unexpired leases that will be rejected by the Debtors on the Effective Date of the Plan. *See* Plan at XI.A. It does not appear, however, that the *Plan Supplement* will include a list of unexpired leases that will be assumed by the Debtors on the Effective Date of the Plan.

5. In connection with the assumption of a lease, the Plan states that the Debtors will cure monetary defaults that may exist under such leases upon assumption or as soon as practicable thereafter. *See* Plan at XI.B. The Plan further provides that if there is a dispute regarding (i) the nature or amount of any cure, (ii) adequate assurance of future performance or (iii) any other matter pertaining to assumption, cure amounts will not be paid until a final order is entered by the Court resolving the dispute and approving the assumption or assumption and assignment, as applicable. *Id.*

6. Neither the Plan nor the Disclosure Statement state how or when the Debtors will identify proposed cure amounts in connection with the proposed assumption of unexpired leases.

---

[1] An itemized calculation of this amount will be provided upon request.

2

Further, while the possibility of disputed cure amount is contemplated by the plain language of the Plan, the Plan lacks any procedures specifying the manner in which such disputes will be brought to the attention of the Court.

### INLAND'S OBJECTIONS AND BASIS THEREFOR

7. Inland objects to approval of the Disclosure Statement, confirmation of the Plan and assumption of the Lease because it is impossible for Inland to determine whether or not the Debtors will actually comply with 11 U.S.C. § 365(a) with respect to the payment of cure amounts due under the Lease. The Debtors' statement in the Plan that it will cure monetary defaults under the Leases on the Effective Date of the Plan is meaningless in the absence of any specific cure proposals and time deadlines by the Debtors.

8. As stated above, the Debtors have not identified any proposed cure amounts to be paid by the Debtors on the Effective Date of the Plan. If a cure amount is disputed, the Plan provides that it the cure amount will not be paid until the dispute is resolved. Neither the Disclosure Statement nor the Plan provide any process by which proposed cure amounts will be identified, disputed and paid under the Plan.

9. The Debtors should be required to file and serve a notice of proposed cure amount with respect to the Lease and Inland should have a firm deadline by which to object to cure amounts prior to the Effective Date of the Plan. In addition, a process with firm deadlines should be set up through which disputes can be resolved or decided by the Court. Moreover, this process should provide that undisputed cure amounts will be paid by the Effective Date of the Plan and that Debtors will set up an escrow account with sufficient reserves to pay all disputed cure amounts. This is the only way that Inland can be sufficiently protected in the event something happens to the Debtors' cases before the cure disputes can be resolved.

10. Absent the establishment of specific procedures that will govern the payment of cure amounts due under the Lease, Inland objects to the assumption of the Lease unless and until an actual cure amount is established. As of the date of this Objection, the amount necessary to cure defaults under the Lease is $14,257.14, plus attorneys' fees and costs. Additionally, the Debtors must be required to cure defaults as they exist on the actual date of assumption of the Lease. Accordingly, the Debtors must be required to pay any additional amounts that may become due between the date of this Objection and the Effective Date of the Plan (or other date of actual assumption). Finally, the Debtors must be required to pay all as-of-yet due charges that are, pursuant to the terms of the Lease, billable to the Debtors after the assumption date (i.e., reconciliations) in the ordinary course as and when due.

WHEREFORE, Inland respectfully requests that this Court deny approval of the Debtors' Disclosure Statement and deny confirmation of the Debtors' Plan unless these documents are modified to provide that (i) the Debtors are required to provide Inland with notice of and an opportunity to object to the proposed cure amount to be paid by the Debtors in connection with any assumption of the Leases under the Plan, (ii) a process is set up by which cure disputes can be resolved or decided by the Court and (iii) the Debtors are required to pay any undisputed cure amounts to Inland on the Effective Date of the Plan and to escrow and/or reserve any disputed cure amounts. Inland further requests that the Court enter an order that grants Inland such further and additional relief as the Court may deem just and proper.

Dated: June 11, 2012                CONNOLLY BOVE LODGE & HUTZ LLP

_____
Karen C. Bifferato
Christina M. Thompson
The Nemours Building
1007 N. Orange Street
P.O. Box 2207 (19899)
Wilmington, DE 19801
Telephone: (302) 658-9141

*Attorneys for Inland Continental Property Management Corp.*

#4791348

## CERTIFICATE OF SERVICE

I, Christina M. Thompson, hereby certify that on the 11th day of June, 2012, I served a true and correct copy of the *Objection of Inland Continental Property Management Corp. as Managing Agent for Geneva 1031, LLC to (I) Approval of Disclosure Statement for the Prepackaged Joint Plan of Reorganization of Debtors and (II) Confirmation of Prepackaged Joint Plan of Reorganization of Debtors* upon the parties listed below in the manner indicated.

Christina M. Thompson (#3976)

**VIA EMAIL and FIRST CLASS MAIL**

Alan W. Kornberg, Esquire
Jeffrey D. Saferstein, Esquire
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Email: akornberg@paulweiss.com
Email: jsaferstein@paulweiss.com

Ira S. Dizengoff, Esquire
Philip C. Dublin, Esquire
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Email: idizengoff@akingump.com
Email: pdublin@akingump.com

George S. Canellos, Regional Director
Securities and Exchange Commission
New York Regional Office
Three World Financial Center, Suite 400
New York, NY 10281-1022
Email: canellosg@sec.gov

Edmund Emrich, Esquire
Fredric Sosnick, Esquire
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022
Email: edmund.emrich@shearman.com
Email: fsosnick@shearman.com

Bryant Berg, Esquire
Emmet, Marvin & Martin LLP
120 Broadway, 32nd Floor
New York, NY 10271
Email: bberg@emmetmarvin.com

**VIA FEDERAL EXPRESS**

The Honorable Robert E. Gerber
United States Bankruptcy Judge
One Bowling Green
New York, NY 10004-1408

**VIA FACSIMILE and FIRST CLASS MAIL**

Andrea B. Schwartz, Esquire
United States Trustee
33 Whitehall Street, 21st Floor
New York, NY 10004
Facsimile: 212-668-2255

#4792197