Alan W. Kornberg
Jeffrey D. Saferstein
Philip Weintraub
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

Counsel to the Debtors
and the Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| HOUGHTON MIFFLIN | : Case No. 12-12171 (REG) |
| HARCOURT PUBLISHING COMPANY, *et al* | : |
| | : Jointly Administered |
| Debtors. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**FINAL DECLARATION OF PETER WALSH OF KURTZMAN CARSON
CONSULTANTS LLC REGARDING THE MAILING, VOTING AND TABULATION
OF BALLOTS ACCEPTING AND REJECTING THE PREPACKAGED CHAPTER 11
PLAN OF REORGANIZATION FOR HOUGHTON MIFFLIN HARCOURT
<u>PUBLISHING COMPANY, ET AL.</u>**

I, Peter Walsh, declare and state under the penalty of perjury:

1.  I am a Senior Managing Consultant employed by Kurtzman Carson Consultants, LLC (the "<u>Voting Agent</u>"), whose business address is 599 Lexington Avenue, 39th Floor, New York, NY 10022. I am over the age of 18 and not a party to this action.

2.  I and others under my supervision worked with Houghton Mifflin Harcourt Publishing Company, Houghton Mifflin Harcourt Publishers Inc., HMH Holdings (Delaware), Inc., HMH Publishers LLC, and its affiliated debtors and debtors in possession (collectively, the "<u>Debtors</u>" or the "<u>Company</u>") and counsel to the Debtors to solicit votes to accept or reject the

*Prepackaged Joint Plan of Reorganization of the Debtors Under Chapter 11 of the Bankruptcy Code,* dated May 11, 2012 (the "Plan") and to tabulate the ballots of creditors voting to accept or reject the Plan. Except as otherwise noted, I could and would testify to the following based upon my personal knowledge. I am authorized to submit this Declaration on behalf of the Voting Agent.

3. The Voting Agent has considerable experience in soliciting and tabulating votes to accept or reject proposed prepackaged plans of reorganization.

### SERVICE AND TRANSMITTAL OF
### SOLICITATION PACKAGES AND THE TABULATION PROCESS

4. The Debtors established May 10, 2012, as the record date (the "Voting Record Date") for determining which creditors were entitled to vote on the Plan. Pursuant to the Plan, holders of claims in Class 3 (First Lien Bank Claims), Class 3 (10.5% Note Claims) and Class 8 (Existing Common Stockholders) (the "Voting Classes") were entitled to vote to accept or reject the Plan. No other classes were entitled to vote on the Plan.

5. With respect to the Class 3 First Lien Bank Claims, the Voting Agent relied on a list of holders provided by the Debtor for the Administrative Agent under the First Lien Bank Agreement as of the Voting Record Date to identify the holders of claims entitled to vote to accept or reject the Plan. For the Class 3 10.5% Note Claims, the Voting Agent relied on security position reports provided by the Depository Trust Company ("DTC") as of the Voting Record Date to identify the holders of 10.5% Notes entitled to vote to accept or reject the Plan. For the Class 8 Existing Common Stockholders, the Voting Agent relied on list of holders

2

provided by the Debtor for Computershare, the transfer agent, as of the Voting Record Date to identify the holders of Common Stock entitled to vote to accept or reject the Plan.

6. In accordance with the solicitation procedures as set forth in the *Debtors' Motion for an Order (I) Scheduling a Combined Hearing to Consider (A) the Approval of (1) the Debtors' Disclosure Statement and (2) the Debtors' Prepetition Solicitation Procedures; and (B) Confirmation of the Debtors' Prepackaged Plan; and (II) Approving the Form of Notice of the Combined Confirmation Hearing and Disclosure Statement Hearing*, filed contemporaneously herewith, the Voting Agent served the following solicitation package to the holders of claims in the Voting Classes as of the Voting Record Date:

  (a) the appropriate form of Ballot and instructions for completing the ballot (the "Ballot");

  (b) a pre-addressed return envelope;

  (c) the Disclosure Statement with all exhibits; and

  (d) the Plan

7. All ballots cast by holders of Class 3 First Lien Bank Claims were required to be delivered to the Voting Agent, so as to be received by the Voting Agent no later than May 18, 2012 at 5:00 p.m. (prevailing Eastern Time) (the "Class 3 First Lien Bank Claims Voting Deadline"). The Voting Agent previously filed a Vote Declaration (Docket No. 17) on May 21, 2012 reflecting a summary of voting results for all voting classes as of the Class 3 First Lien Bank Claims Voting Deadline.

8. All ballots cast by holders of Class 3 10.5% Note Claims and Class 8 Existing Common Stockholders were required to be delivered to the Voting Agent, or the Nominee, as

3

applicable, so as to be received by the Voting Agent no later than June 11, 2012 at 5:00 p.m. (prevailing Eastern Time) (the "Voting Deadline").

9. The Voting Agent received and tabulated the ballots as follows: (a) each returned ballot was opened and/or inspected at the Voting Agent's office; (b) ballots were date-stamped; and (c) all ballots received were then tabulated. In order for a ballot to be counted as valid, it had to contain sufficient information to permit the identification of the holder, be signed, and indicate an acceptance or rejection of the Plan.

10. Attached as <u>Exhibit A</u> is a summary of the voting results for all voting classes as of the Voting Deadline.

11. To the best of my knowledge, information and belief, the foregoing information concerning the distribution, submission, and tabulation of Ballots in connection with the Plan is true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 15, 2012

_____
PETER WALSH

State of New York,
County of New York

Subscribed and sworn to (or affirmed) before me on this 15th day of June, 2012, by Peter Walsh, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature: _____

[Notary seal: JEFFREY M. SELLERS, NOTARY, NO. 01SE6219348, QUALIFIED IN QUEENS COUNTY, COMM. EXP. 04/05/2014, STATE OF NEW YORK, PUBLIC]

# Exhibit A

**Exhibit A**
**Vote Summary**

| Class Name | Class Description | Total Members | Members Voted | Members Accepted | Members Rejected | Members Abstained | % Members Accepted | % Members Rejected | Total $/Shares in Class | Total $/Shares Voted | $/Shares Accepted | $/Shares Rejected | $/Shares Abstained | % $/Shares Accepted | % $/Shares Rejected | Members Opt-Out | $ Amount/Shares Opt-Out |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Class 3 | First Lien Bank Claims | 166 | 125 | 125 | 0 | 0 | 100.00% | 0.00% | $2,806,566,303.10 | $2,714,834,082.46 | $2,714,834,082.46 | $0.00 | $0.00 | 100.00% | 0.00% | 0 | 0 |
| Class 3 | 10.5% Notes Claims | n/a | 44 | 44 | 0 | 0 | 100.00% | 0.00% | $300,000,000.00 | $255,190,000.00 | $255,190,000.00 | $0.00 | $0.00 | 100.00% | 0.00% | 3 | 17,750,000 |
| Class 8 | Existing Common Stockholders | 108 | 93 | 93 | 0 | 0 | 100.00% | 0.00% | 283,636,235 | 271,364,472 | 271,364,472 | 0 | 0 | 100.00% | 0.00% | 2 | 3,775,326 |